WILLIAM H. DARCY, Respondent, *v.* THE BROOKLYN AND NEW YORK FERRY COMPANY, Defendant, and JOSEPH J. O'DONOHUE, JR., et al., Appellants.

**Corporations — assets may not be distributed to shareholders without notice to creditors — liability of directors.**

The assets of a corporation constitute a trust fund for the payment of its debts. A creditor cannot be deprived of his equitable lien thereon by an agreement between the corporation and a transferee of the property that the latter shall assume and pay all the corporate debts. The consent of the creditor to accept the substituted debtor is essential to make such an agreement valid as against him.

It is a violation of duty, under subdivision 2 of section 1781 of the Code of Civil Procedure, on the part of the directors of a corporation to divest it of all its property without affording a reasonable opportunity to its creditors to present and enforce their claims before the transfer shall become effective, and such action renders the directors liable for the amount of a claim established against a corporation as having accrued before the transfer.

The motives which induce such an omission by the directors are immaterial. Their omission to make adequate provision for the protection of the creditors is proof of their dereliction and good faith constitutes no defense. *Stokes* v. *Stokes,* 23 App. Div. 552, distinguished.

*Darcy* v. *Brooklyn & N. Y. Ferry Co.,* 127 App. Div. 167, affirmed.

(Argued June 17, 1909; decided October 19, 1909.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered June 18, 1908, affirming a judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term.

The nature of the action and the facts, so far as material, are stated in the opinion.

*John Delahunty* for appellants. The defendants, as directors of the old company, had a right to transfer its property to the new corporation, at the request of H. B. Hollins & Co., who owned substantially all the stock in the old company. (2 Morawetz on Corp. [2d ed.] §§ 785, 790, 795, 799; *H. & G. N. Co.* v. *H. & W. N. Co.,* 127 N. Y. 252; *Elyea* v. *L.*

*S. M. Co.*, 169 N. Y. 33; *Cole* v. *N. T. Co.*, 133 N. Y. 164; *Graham* v. *R. R. Co.*, 102 U. S. 148.) If the defendants, as directors, committed an error of judgment, or made an innocent mistake in making this transfer, they are not liable to the plaintiff. (Morawetz on Corp. § 553; *Symmes* v. *U. T. Co.*, 60 Fed. Rep. 830; Cook on Corp. §§ 682, 703; *Van Dyke* v. *McQuade*, 86 N. Y. 38; *Hun* v. *Cary*, 82 N. Y. 65; *Leslie* v. *Lorillard*, 110 N. Y. 519.) The plaintiff, in order to render the defendants liable for the payment of his judgment, because of their acts in making the transfer, was obliged to show fraud on their part. (Cook on Corp. 614; *Wilson* v. *Stevens*, 129 Ala. 630.) The defendants were not liable for alleged misconduct under section 1781 of the Code of Civil Procedure. (*Halpin* v. *M. B. Co.*, 20 App. Div. 583; *Stokes* v. *Stokes*, 23 App. Div. 552; *Hurd* v. *N. Y. & C. S. L. Co.*, 167 N. Y. 89; *Bartlett* v. *Drew*, 57 N. Y. 587.)

*James C. Cropsey* and *Rufus O. Catlin* for respondent. The property of a corporation constitutes a trust fund for the payment of its debts, and the creditors thereof have an equitable lien thereon and the right to priority of payment over any stockholder. (*Bartlett* v. *Drew*, 57 N. Y. 587; *Hastings* v. *Drew*, 76 N. Y. 9; *Cole* v. *M. I. Co.*, 135 N. Y. 164; *Hurd* v. *N. Y. & C. S. L. Co.*, 167 N. Y. 89; *Stiefel* v. *N. Y. N. Co.*, 14 App. Div. 371; *Lopez* v. *M. & F. Nat. Bank*, 18 App. Div. 427; *Ward* v. *C. T. Co.*, 117 App. Div. 130.) The acts of the individual defendants, while acting in their capacity as directors of the Brooklyn and New York Ferry Company in authorizing the sale and transfer of all its property and assets to a third party, and directing the proceeds of such sale to be paid directly to the stockholders of the company, without making any provision for the payment of its debts except by obtaining the agreement of a third party to assume the same, was a violation of their duties to the plaintiff, rendering them liable for the amount of his judgments against the company. (*Cole* v. *M. I. Co.*, 133

N. Y. 164; *Hurd* v. *N. Y. & C. S. L. Co.*, 167 N. Y. 89; *Halpin* v. *M. B. Co.*, 20 App. Div. 583; *Bosworth* v. *Allen*, 168 N. Y. 157.) Proof of actual fraud on the part of the directors was not essential to entitle the plaintiff to recover. (Code Civ. Pro. §§ 1781, 1782; *Williams* v. *W. U. Tel. Co.*, 9 Abb. [N. C.] 419; *Gilbert* v. *Finch*, 173 N. Y. 455; *McClure* v. *Law*, 161 N. Y. 78.)

WILLARD BARTLETT, J.   On November 15, 1900, the plaintiff duly recovered a judgment against the Brooklyn and New York Ferry Company upon a cause of action which had accrued on the 2nd day of July, 1897. The execution upon this judgment was returned unsatisfied. The plaintiff found himself unable to enforce it because the defendant corporation, on the 22nd of August, 1898, had through its board of directors assumed to sell, assign and transfer the entire corporate property to another corporation known as the Brooklyn Ferry Company of New York for six millions of dollars. The present suit was instituted on 'the theory that the directors had violated their duties in making the transfer in the manner in which they made it and hence could be compelled to satisfy the plaintiff's claim.

The consideration for the transfer did not pass from the purchasing corporation to the Brooklyn and New York Ferry Company or its directors, but was turned over directly to the stockholders of the selling corporation and distributed among them. The Brooklyn and New York Ferry Company thereupon immediately ceased doing business, having thus parted with all its franchises, although no proceedings were ever taken to effect a dissolution of the corporation according to law. No notice of the transfer was given to creditors nor was any property retained by the directors with which to meet the plaintiff's claim or any other indebtedness which might legally be established against the corporation. At the time of the transfer, however, the purchasing corporation did agree to assume all the then existing debts and liabilities of the selling corporation. This agreement was the sole pro-

vision made by the directors for the payment of the creditors of the corporation which they represented.

The narrative of the transaction leaves no doubt that what the directors of the Brooklyn and New York Ferry Company sought to bring about was a voluntary dissolution of the corporation and the distribution of its assets without taking the steps to that end which are prescribed by law. Notwithstanding their failure to proceed under the statute, they contend that a creditor of a corporation has no standing to compel them to pay a claim of which they were ignorant at the time of the transfer of the corporate property, in the absence of proof of actual fraud on their part. It is true that there is no allegation or finding of fraud; but there is evidence that the officers of the company had knowledge of the injury to the plaintiff which was the basis of his claim. The liability of the directors is predicated not on the ground that their action in making the transfer was fraudulent but upon the proposition that it is a violation of duty on the part of the directors of a corporation to divest it of all its property without affording a reasonable opportunity to its creditors to present and enforce their claims before the transfer shall become effective.

This is the proposition involved in the judgment in this case which we are asked to reverse. We think it is sound in law and should be upheld.

There is express statutory authority for the maintenance of an action by a creditor of a corporation against its directors to compel them to pay the value of any property which they have transferred to others by a violation of their duties. (Code Civ. Proc. §§ 1781, 1782, substantially re-enacted in 1909 as sections 90 and 91 of the General Corporation Law.) The assets of a corporation constitute a trust fund for the payment of its debts. (*Bartlett* v. *Drew*, 57 N. Y. 587.) A creditor cannot be deprived of his equitable lien thereon by an agreement between the corporation and a transferee of the property that the latter shall assume and pay all the corporate debts. The consent of the creditor to accept the substituted

debtor is essential to make such an agreement valid as against him.    Hence the fact that the Brooklyn Ferry Company of New York agreed with the Brooklyn and New York Ferry Company to assume all the debts of the latter did not justify the directors of the selling corporation in disposing of its assets without making some other provision for the payment of its creditors.    The plaintiff was left in the position of the creditor so aptly described by Werner, J., in *Hurd* v. *N. Y. & C. Steam Laundry Co.* (167 N. Y. 89, 95): "When he demands payment of his claim, he is referred to the empty shell which is all that is left of the live corporation whose tangible assets constituted a trust fund for the payment of his at the time of its creation."

It is not necessary to determine precisely what the directors of a corporation *must* do in order to protect themselves against liability when they undertake to divest it of all its property and practically dissolve it without taking the proceedings for a voluntary dissolution which are prescribed by law.    For the purposes of the present case it is enough to say that they were bound to give *some* notice to creditors of the proposed transfer, and they gave none whatever.    We think that their failure to do so was "a violation of their duties" under subdivision 2 of section 1781 of the Code of Civil Procedure and rendered them liable to the plaintiff for the amount of the claim which he established against the corporation as having accrued before the transfer.    The motives which induced the omission are immaterial.    The entire assets could not lawfully be set over by the selling corporation to the purchasing corporation until some sort of opportunity had been given to the creditors of the latter to present and enforce their claims.    The neglect to afford this opportunity is what constituted a violation of the directors' duties, and it matters not that they may have supposed they were not required to do any more than they did for the protection of creditors.    The case is quite different from *Stokes* v. *Stokes* (23 App. Div. 552), relied upon by the appellants.    That was an action under the first subdivision of section 1781 of the Code of Civil Procedure

and was based upon a charge of official misconduct against the directors of a corporation. There it was held that in view of the character of the action it was necessary to show something more than the mere impropriety or unlawfulness of the acts charged. Here, however, we have an action under the second subdivision of section 1781 founded simply upon a violation of duty on the part of the directors of the defendant corporation. Their omission to make adequate provision for the protection of the creditors was proof of their dereliction and good faith constitutes no defense. Indeed, business men have little cause for complaint when, as in this case, they find themselves in trouble because they have attempted to accomplish privately what the law contemplates shall only be accomplished publicly, namely, the voluntary dissolution of a corporation. The judgment enforces a sound lesson in business morals and should be affirmed, with costs.

CULLEN, Ch. J., EDWARD T. BARTLETT, WERNER, HISCOCK and CHASE, JJ., concur; GRAY, J., absent.

Judgment affirmed.