FREDERICK J. SHALEK, Respondent, v. J. EDWARD JETTER, Appellant, Impleaded with JETTER BREWING COMPANY and Others, Defendants.

First Department, November 19, 1915.

Corporations — distribution of assets without compliance with law — liability of directors — trust fund for benefit of creditors.

Directors of a corporation who sell and transfer the assets thereof without compliance with the provisions of the General Corporation Law and the Stock Corporation Law, cannot relieve themselves from personal liability in a suit by a judgment creditor of the corporation by merely alleging that at the time of the transfer of the assets a fund was placed in trust for the payment of all debts, and that plaintiff by failing to present his claim lost his rights.

To set aside a fund for the purpose of paying debts, but without paying them, is no defense against a creditor whose judgment has been made worthless by the sale of all the debtor's property, without notice, and the division of the proceeds among the stockholders and directors.

APPEAL by the defendant, J. Edward Jetter, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 11th day of September, 1915, sustaining a demurrer to the separate defense in appellant's amended answer.

Anthony A. De Cicco, for the appellant.

Henry A. Rubino, for the respondent.

Order affirmed, with ten dollars costs and disbursements, on opinion of SHEARN, J., at Special Term.

Present — INGRAHAM, P. J., McLAUGHLIN, LAUGHLIN, CLARKE and SCOTT, JJ.

The following is the opinion of the court below:

SHEARN, J.:

It has already been held that this action " is in the nature of a creditor's bill, a search and trace by a diligent judgment creditor for and the enforcement of an equitable lien upon the assets of the corporation that have been distributed by the trustees in violation of law." (N. Y. L. J., April 5, 1915.) The complaint alleged that of this illegal distribution a sum

sufficient to satisfy plaintiff's judgment remains in the hands of the directors, and it is upon such funds that the action seeks to enforce a lien. It is now alleged as a defense by the defendant Jetter, one of the directors, that at the time of the transfer by the corporation of all of its assets a fund amounting to $40,000 was set aside and specially deposited as a trust fund for the purpose of paying debts of and claims against the corporation, and for a long time thereafter sufficient funds remained of such amount, more than enough to cover the claim of the plaintiff, but that during all of said time the plaintiff failed to present his claim although he was aware of the creation and the existence of the fund, and that by this alleged negligence and these alleged laches plaintiff has lost his rights. It is not alleged that the vendee assumed payment of the debt or that it set aside the alleged fund. The directors could not relieve themselves of personal liability by going through the form of "setting aside a fund." What constituted the alleged "setting aside" of a fund? Where was it deposited and with whom and under what conditions? What became of the fund? It is not alleged that the so-called fund was withdrawn from deposit only after notice to the creditors. If the creation of such a fund amounted to anything, it could only be by making the deposit under such terms as precluded the withdrawal of the fund except upon notice to all creditors. To set aside a fund for the purpose of paying debts but without paying them is no defense against a creditor whose judgment has been made worthless by the sale of all of the debtor's property without notice and the division of the proceeds among the stockholders and directors. The case of *Darcy* v. *Brooklyn & N. Y. Ferry Co.* (196 N. Y. 99) makes it clear that directors who sell and transfer the assets of their company without taking the steps provided by the General Corporation Law and the Stock Corporation Law do so at their peril.* The plea that directors may interpose alleged negligence in presenting a claim short of the statutory period of six years as an excuse for their misconduct needs no consideration. The demurrer to the separate defense in the amended answer is sustained, with costs.

---

* See Consol. Laws, chap. 23 (Laws of 1909, chap. 28), §§ 90, 91, 221; Consol. Laws, chap. 59 (Laws of 1909, chap. 61), §§ 16, 17. — [REP.