NICHOLAS A. PALLOTT, Plaintiff, *v.* LASALLE ROOFING AND SHINGLE COMPANY and Others, Defendants.

Supreme Court, Monroe County, December 11, 1931.

*O'Brien & Emerson*, for the motion.

*Samuel Levy*, opposed.

RODENBECK, J. The defendant corporations are foreign corporations but filed certificates authorizing them to do business in this State. This makes them amenable to the laws of this State with reference to transactions had in this State or affecting property within this State. One of these corporations, the Elaborated Ready Roofing Company, made a contract with the plaintiff for personal services, and is alleged to have broken that contract, for the breach of which an action is now pending. During the pendency of the action this corporation transferred all of its assets to the other corporation, the LaSalle Roofing and Shingle Company. The former was thereby rendered insolvent, and it is claimed that the conveyance was fraudulent. (Debtor & Creditor Law, § 273, added by Laws of 1925, chap. 254.) The plaintiff has an unliquidated claim, and, therefore, has a " debt." (Id. § 270, added by Laws of 1925, chap. 254.) Insolvency exists when the present fair, salable value of assets is less than the amount required

to pay probable liability or existing debts, " as they become absolute and matured." (Id. § 271, added by Laws of 1925, chap. 254.) A creditor " is a person having any claim, whether matured or unmatured, liquidated or unliquidated, absolute, fixed or contingent." (Id. § 270.) The plaintiff was a creditor, under this definition, of the Elaborated Ready Roofing Company, which was rendered insolvent by the assignment in question. The assignment is, therefore, treated as fraudulent without regard to the actual intent, the assignment having been made without fair consideration. (Id. § 273; *American Surety Co.* v. *Conner*, 251 N. Y. 1.) The complaint states a cause of action. (*Darcy* v. *Brooklyn & N. Y. Ferry Co.*, 196 N. Y. 99.)

Motion denied, with costs to abide the event.