MARY STEFANZYN, as Assignee of JACOB TARASS, on Behalf of Herself and All Other Creditors of the TREMONTER REALTY CORPORATION, if Any, Appellant, v. BROOKLYN NATIONAL BANK OF NEW YORK, Respondent, Impleaded with TREMONTER REALTY CORPORATION and Others, Defendants.

First Department, May 28, 1937.

*Nathan Gross,* for the appellant.

*Meyer Kraushaar* of counsel [*Kraushaar & Klapper,* attorneys], for the respondent.

PER CURIAM. On October 23, 1930, the date on which it is claimed the transfer of Tremonter Realty Corporation's assets was made, the said realty company had already incurred its obligation with plaintiff's assignor. The defendant bank knew at the time that the property of the realty company which was being assigned comprised all of its corporate assets. In accepting property of Tremonter Realty Corporation to satisfy the personal indebtedness of its directors to the defendant bank, the latter knew that this effected an indirect transfer of the realty company's assets to its own directors. The bank also must have known, or at least could readily have ascertained, that the transferrer would have other creditors.

In the circumstances, the transaction was a diversion of the assets of the corporation, which, under settled principles of law, constitute a trust fund for the benefit of its creditors. (*Darcy* v. *Brooklyn & N. Y. Ferry Co.,* 196 N. Y. 99; *Cole* v. *Millerton Iron Co.,* 133 id. 164.) As a creditor of the Tremonter Realty Corporation, plaintiff's assignor had an equitable lien upon its assets of which he could not be deprived by the agreement between the corporation and the transferee of the property which disregarded the payment of corporate debts. (*Ward* v. *City Trust Co.,* 192 N. Y. 61, 74.) The mere fact that the parties to the agreement made the transfer a consideration for the loan did not change the character of the transaction so far as the creditors of the corporation were concerned. Even if it be assumed that the transferee had the right to take the corporate assets, it could only do so subject to the equitable lien of creditors.

The action may be regarded as one in aid of execution of plaintiff's judgment. There appear to be no other creditors. As the defendant bank is in possession of assets of the judgment debtor more than sufficient to pay the plaintiff, it should be required to do so.

The judgment should be reversed, with costs, and judgment directed in favor of plaintiff and against the defendant Brooklyn National Bank of New York in the sum of $1,057.61, with interest from April 27, 1931, and costs.

Present — MARTIN, P. J., O'MALLEY, GLENNON, UNTERMYER and COHN, JJ.

Judgment unanimously reversed, with costs, and judgment directed in favor of plaintiff and against the defendant Brooklyn National Bank of New York in the sum of $1,057.61, with interest from April 27, 1931, and costs. Settle order on notice, reversing findings inconsistent with this determination, and containing such new findings of fact proved upon the trial as are necessary to sustain the judgment hereby awarded.