SIALKOT IMPORTING CORP., Appellant, *v.* NORMAN BERLIN et al., Respondents, et al., Defendants.

Argued June 6, 1946; decided July 23, 1946.

*Harry Geffner* and *Charles J. Herson* for appellant. I. The gravamen of the first cause of action is one in equity. based upon constructive fraud, for an accounting to recover the wrongful profits made by the defendants in excess of the actual loss sustained by the plaintiff corporation. There is no adequate remedy at law for said action. (*Kalmanash* v. *Smith*, 291 N. Y. 142.) II. The second cause of action is one in equity, to impress a constructive trust upon the specific property of the plaintiff diverted· and retained by these defendants. It is not an action in waste. The Statute of Limitations is ten years. (*Turner* v. *American Metal Co.*, 268 App. Div. 239; *Harriss* v.

*Tams,* 258 N. Y. 229.) III. Defendants' first affirmative defense of the three-year Statute of Limitations is insufficient in law upon its face. The ten-year Statute of Limitations applies. The motion to strike it out should have been granted. (*Hearn 45 St. Corp.* v. *Jano,* 283 N. Y. 139; *Potter* v. *Walker,* 276 N. Y. 15.) IV. Defendants' second affirmative defense of the six-year Statute of Limitations is insufficient in law . upon its face. (*Turner* v. *American Metal Co.,* 268 App. Div. 239; *Harriss* v. *Tams,* 258 N. Y. 229.)

*Maurice Hellman* for respondents. I. The gravamen of the first and second causes of action is the recovery of damages for waste and they were therefore correctly held to be barred by the three-year Statute of Limitations. (*Kalmanash* v. *Smith,* 291 N. Y. 142; *Dunlop's Sons, Inc.,* v. *Spurr,* 285 N. Y. 333; *Potter* v. *Walker,* 276 N. Y. 15; *Hornstein* v. *Podwitz,* 254 N. Y. 443; *Broadway Photoplay Co.* v. *World Film Corp.,* 225 N. Y. 104; *Wakeman* v. *Wheeler & Wilson Mfg. Co.,* 101 N. Y. 205; *Gerdes* v. *Reynolds,* 281 N. Y. 180; *Brass* v. *Rathbone,* 153 N. Y. 435; *McHenry* v. *Jewett,* 90 N. Y. 58; *Kienle* v. *Gretsch Realty Co.,* 133 App. Div. 391; *Brick* v. *Cohn-Hall-Marx Co.,* 276 N. Y. 259.) II. Special Term properly held that even if the second cause of action were considered equitable in nature, it would be barred by the six-year Statute of Limitations provided in subdivision 8 of section 48 of the Civil Practice Act. (*Harriss* v. *Tams,* 258 N. Y. 229; *Clark* v. *Title Guarantee & Trust Co.,* 259 App. Div. 136, 284 N. Y. 619.)

FULD, J. This is an action by a corporation against former officers and directors for dereliction of duty. The complaint — viewed in a light most favorable to plaintiff — charges that defendants, in or about March, 1938, while directors, " secured " the cancellation of a contract which the corporation had with a firm in India for the exclusive sale and distribution of the latter's products; that, after establishing a rival business, they " acquired " that exclusive sales and distribution arrangement for themselves; and that they " secured " plaintiff's customers and outlets and " purloined " its files and other assets for use in their own business. By their wrongdoing, it was further asserted, the corporation was virtually put out of business while their newly created enterprise brought them profits " far in excess of the actual loss sustained by plaintiff."

The complaint sets forth two causes of action. The first seeks an accounting of defendants' profits " beyond the amount of losses caused to plaintiff by their wrong "; the second, to impress a constructive trust on plaintiff's assets in defendants' hands. The suit was commenced in April, 1942; the second cause of action was added by amendment in December, 1944.

The answer pleads the three-year Statute of Limitations and, as an alternative defense to the second cause of action, the six-year statute. Plaintiff's motion to strike out those affirmative defenses was denied and defendants' cross motion for judgment on the pleadings in their favor was granted at Special Term. That court ruled that the three-year statute prescribed by section 49, subdivision 7, of the Civil Practice Act applied to the first cause of action and that the six-year statute, provided for by section 48, subdivision 8, applied to the second. The Appellate Division unanimously affirmed. With the conclusions reached, we disagree.

The acts complained of occurred in 1938. At that time, the ten-year Statute of Limitations (Civ. Prac. Act, § 53) was applicable to an accounting action brought to recover profits obtained by a corporate director or officer through breach of a fiduciary duty owed the corporation, where the profits realized exceeded the correlated loss resulting to the corporation. In such a situation, it was held that the remedy at law was not adequate, that an accounting in equity was necessary, and that, therefore, the statute governing the remedy in equity was to be applied. (*Equity Corp.* v. *Groves,* 294 N. Y. 8; *Dunlop's Sons, Inc.,* v. *Spurr,* 285 N. Y. 333; *Goldstein* v. *Tri-Continental Corp.,* 282 N. Y. 21; *Potter* v. *Walker,* 276 N. Y. 15.)

Here, the first cause of action seeks an accounting to recover profits received by defendants as directors " beyond the amount of losses caused to plaintiff by their wrong." More is involved than merely breach of contract or injury to property. By wrongfully substituting themselves as beneficiaries under the corporation's exclusive sales and distribution contract — while it was still existent and subject to renewals on expiration — defendants appropriated to themselves the expectancy of profit from an arrangement which would have redounded to the corporation's advantage. Obviously, defendants were not privileged to cancel the corporation's contract and obtain it for

themselves. Equity will regard the new contract an offshoot of the old, will deem it made for the benefit of the corporation, and will enforce the resulting trust in its favor. (Cf. *Meinhard* v. *Salmon*, 249 N. Y. 458.)

The corporation's loss is represented by the destruction of the unexpired portion of the exclusive sales contract. Defendants' opportunity for profit, however, was not limited to what the corporation might lose during the period which the agreement still had to run, since the new contract — acquired by defendants for their own venture — might well have endured beyond that term. A faithless fiduciary may not reap the fruits of his misconduct to the exclusion of his principal. Manifestly, defendants' profits, as the complaint recites, may exceed the loss caused plaintiff by their wrong. Under such circumstances, defendants, stamped as trustees, must account in equity for the profits, and, accordingly, the ten-year limitation governs. (*Equity Corp.* v. *Groves, supra; Dunlop's Sons, Inc.,* v. *Spurr, supra; Goldstein* v. *Tri-Continental Corp., supra; Potter* v. *Walker, supra.*)

As to the second cause of action — which seeks, in part, to impress a trust on the assets of plaintiff still in defendants' possession — we deem it evident that equity's intervention is essential. (*Equity Corp.* v. *Groves, supra;* cf. *Hifler* v. *Calmac Oil & Gas Corp.,* 258 App. Div. 78.) Consequently, the ten-year Statute of Limitations provided for by section 53 applies here too.

Though subdivision 8 of section 48, added to the Civil Practice Act in September, 1942 (L. 1942, ch. 851), was made applicable to actions for an " accounting " brought against a corporate director or officer, its six-year statute did not affect these second causes of action. As to actions already accrued, the amending act (ch. 851, § 2) specifically provided, if, on September 1, 1942, less than six years remained of the time theretofore limited for their commencement, that period was to continue unaffected. In 1938, when the cause of action came into being, the ten-year statute governed. Therefore, on September 1, 1942, a period of five and a half years still remained, and it was not shortened by the amendment. It follows, then, that since it was asserted within ten years from its inception, the second cause of action — as well as the first — was not barred. The complaint should not have been dismissed.

The judgment should be reversed, and the plaintiff's motion to strike out the first and second affirmative defenses granted, with costs in all courts.

LOUGHRAN, Ch. J., LEWIS, CONWAY, DESMOND and THACHER, JJ., concur; DYE, J., taking no part.

Judgment reversed, etc.