Burke, J.
The petitioners, representing deceased shareholders of the Baldwin Trading Corporation, a dissolved corporation, seek an accounting of the surviving directors pursuant to section 106 of the Stock Corporation Law. Special Term dismissed the petitions on the ground that the proceeding was barred by the six-year period of limitation ( Civ. Prae. Act, § 48, subd. 8). The Appellate Division reversed on the ground that the ten-year period (Civ. Prac. Act, § 53) was applicable. That court has certified as a question for review the propriety of its order.
Petitioners allege that the final distribution of the corporate assets was illegal as it was made without regard to the shareholder contributions and that certain shareholders received a disproportionate share of the assets.
The principal question presented because of the contrariety of the views of the courts below is whether a proceeding sought *147 by stockholders to compel an accounting pursuant to section 106 of the Stock Corporation Law is one brought in the right of the corporation or the right of the individual stockholders.
The appellants construe the petitions as- an effort to seek redress for wrongs which flow from corporate mismanagement and wasting of corporate assets—hence a corporate action that must either be prosecuted in the name of the corporation (General Corporation Law, § 29) or form the basis of a stockholders ’ derivative action.
As section 106 specifies no time limitation, it is the argument of the appellants that the character of relief requested placed this proceeding in the category of cases governed by the six-year period of limitation of actions.
The legislative history surrounding the enactment of section 106 sheds little, if any, light on the inquiry. The essence of the legislation was to provide for a speedy termination of corporate affairs under judicial supervision and control upon proper notice to all parties concerned, thereby accomplishing at least two definite purposes: (1) the removing of any claim of liability against directors in dissolution, and (2) allowing individual stockholders a means of presenting individual or corporate claims without the necessity of instituting an individual action. (See legislative memoranda accompanying L. 1922, oh. 125.) The statute, however, is not to be interpreted by its text alone. It takes meaning from the rights granted to the corporate shareholders of a dissolved corporation, the status of the directors of a dissolved corporation, and the nature of the proceeding.
It is evident that an accounting proceeding brought pursuant to section 106 is an equitable proceeding. The right to such an action is specifically given to individual stockholders. Nowhere does section 106 mention a corporate action for it presupposes a dissolved corporation and implies, at least negatively, that the primary right to an accounting lies at the behest of directors seeking discharge, creditors seeking payment and shareholders seeking distributable assets.
Although directors of a corporation in dissolution are not trustees of an express trust, directors in dissolution have been classified as trustees of a trust fund created by operation of law for the benefit of the creditors of the corporation and its stockholders (see, e.g., Lammer v. Stoddard, 103 N. Y. 672; *148 Ludington v. Thompson, 153 N. Y. 499; Marine Trust Co. v. Tralles, 147 Misc. 426 [Sup. Ct., Erie County, 1933]; Matter of Friedman, 177 App. Div. 755 [1st Dept., 1917]; De Martini v. McCaldin, 184 App. Div. 222 [1st Dept., 1918]; Wilson v. Brown, 107 Misc. 167 [Sup. Ot., Erie County, 1919]).
In the case of Darcy v. Brooklyn & Neto York Ferry Co. (127 App. Div. 167 [1908], affcl. 196 N. Y. 99), the action was in equity against trustees to compel them to account for breach of duty. The Appellate Division wrote (p. 169): “ That the property of a corporation [dissolved] is a trust fund in the hands of its directors for the payment of its debts has long been settled. (Bartlett v. Drew, 57 N". Y. 587; Hastings v. Drew, 76 id. 9 * * *) ”. It was held that the trustees could not transfer the funds in their hands in disregard of the rights of their cestuis, no matter how honest their motives be. In affirming, this court wrote (196 N. Y. 99, 102): “The liability of the directors is predicated not on the ground that their action in making the transfer was fraudulent but upon * * * violation of duty ’ ’.
At that time the predecessor statute of section 29 of the General Corporation Law referred to dissolution directors as trustees. However, in 1932, this section was amended (L. 1932, ch. 552) and the word “ trustees ” was removed from the statute. The legislative memoranda discloses that the' purpose was to prevent a change of status then existing between directors of a going corporation and those in dissolution.
But it is clear that directors have always been found to stand in a confidential position. They act as fiduciaries in the operation of corporate affairs, especially in regard to minority interests. We have continued to recognize that the basic status of corporate directors was essentially that of trust guardians of corporate property (Sialkot Importing Corp. v. Berlin, 295 N. Y. 482 [1946]).
While directors of a “going” corporation are only under a duty to account for a six-year period (Civ. Prac. Act, § 48, subd. 8), it does not necessarily follow that the directors of a dissolved corporation must of necessity be governed by the same or any definite period of limitation. A basis for distinction does exist. In a going concern there are yearly meetings of stockholders, balance sheets are struck yearly, and books are kept and maintained in the principal office wherein they may be inspected. *149 (Stock Corporation Law, §§ 10, 45, 55, 77). However, when the corporation is dissolved and no longer continues to function, even as a cle facto corporation, individual stockholders have little, if any, means of ascertaining the exact state of the corporate affairs. In the case of the dissolved corporation, it may be readily inferred that laches or some form of estoppel was intended to govern the presentation of corporate and individual claims. Here, there is no claim that Trading continued to function actively and prosecute corporate business, but rather, it is quite clear that Trading had ceased to exist for all purposes except final liquidation.
Therefore, whether the directors be labeled “ Trustees ”, “Liquidating Directors” or “Statutory Liquidators”, they occupy a position of fiduciary responsibility having a unique advantage over the shareholders. The directors here should be held to the same standards of trust as apply to other fiduciaries. In De Martini v. McCaldin (184 App. Div. 222, 226, supra) the standard as applied to directors was restated in this way: ‘ ' Here, the corporation having no creditors, the stockholders were the equitable owners of the property. ‘ Whoever has an interest in the trust property or funds is entitled to sue for an accounting with respect thereto.’ (1 C. J. 631.) There is nothing unfamiliar about the maintenance of a suit against a trustee for an accounting at the hands of one who is the equitable owner of the property held by the trustee. The right to maintain the action is the same whether the trustee is vested with the legal title and was duly made a trustee or is a trustee ex maleficio. ’ ’
It should be noted that the proceeding is not brought on the basis of a fraud (which is imperfectly allegedy-ñeroo v. Bull, 226 N. Y. 546) but on the basis of a right granted by section 106 of the Stock Corporation Law. It is not an action at lawNfor damages sustained as the result of mismanagement or waste but rather for a return of trust funds alleged to have beenXfraudulently and secretly distributed. We find nothing in thex petitions that lends credence to appellants’ interpretation of .the petitions. The petitions in this case contain no allegations that Trading was improperly dissolved or that its assets were appropriated, or that the corporation was injured through the mismanagement of the directors. Cases like Brock v. Poor (216 N. Y. 387); Niles v. New York Cent. & H. R. R. R. Co. (176 N. Y. *150 119), and Kavanaugh v. Kavanaugh Knitting Co. (226 N. Y. 185), upon which appellants heavily rely, are inapposite.
Brock was concerned solely with the misappropriation of the assets of a going corporation. Niles involved a conspiracy to undermine a solvent corporation by refusing to pay debts and carry on the corporate business. Kavanaugh dealt with the proposed dissolution of a prosperous corporation which would have wasted corporate assets and substantially affected the plaintiff’s proportionate interest.
Here, Trading was not improperly dissolved. The pledged shares, when released, were immediately distributed in final liquidation.- The wrong complained of is not that they were liquidated but that they were not ratably distributed. We fail to see how the injury complained of would be a direct injury to Trading so as to justify the application of a derivative action theory to this proceeding. The manner of distribution could not and did not affect -the worth of the corporation. There has been no wasting of corporate assets in the true sense, but merely a disproportionate distribution of property among individual shareholders. If the allegations are true that, at the time of final distribution, the estates of the petitioners received neither their prorata share of Baldwin stock or other property in kind, absent a defense, an improper distribution may have resulted. Therefore, .although the released shares, when received, were taken in the corporate name, the actual owners of this property were the individual shareholders of the dissolved corporation. Hence the status of the directors here bears the hallmark of a trusteeship. Therefore, if any period of limitation should be applied, the ten-year period would govern (O'iv. Prac. Act, § 53).
Accordingly, the order of the Appellate Division should be affirmed, with costs, and the question certified answered in the affirmative.