Gordon P. CHAMBERS, Receiver of Bradford Motors, Inc., Plaintiff-Appellant,

v.

BLICKLE FORD SALES, INC. and Blickle Lincoln-Mercury, Inc., Defendants-Appellees,

Charles R. Blickle and Jeanette Blickle, Garnishees-Appellees.

No. 173, Docket 27773.

United States Court of Appeals Second Circuit.

Argued Dec. 12, 1962.

Decided Jan. 23, 1963.

John D. Fassett, New Haven, Conn. (Wiggin & Dana, New Haven, Conn., on the brief), for plaintiff-appellant.

Donald F. Keefe, New Haven, Conn. (Richard G. Bell, and Gumbart, Corbin, Tyler & Cooper, New Haven, Conn., on the brief), for garnishees-appellees.

Before WATERMAN, SMITH and HAYS, Circuit Judges.

**J. JOSEPH SMITH, Circuit Judge.**

This is an appeal from a judgment and order of the District Court for the District of Connecticut, T. Emmet Clarie, District Judge. The judgment was entered in favor of two garnishees in a proceeding supplemental to judgment for plaintiff in an action for damages against two New York corporations. The order denied an application for receiver of the corporations and accounting by an officer of the corporations to the receiver. The appeal is properly before us as an appeal from final orders under 28 U.S.C. § 1291.

■ Plaintiff was appointed receiver of Bradford Motors, Inc., a Connecticut corporation, by the Superior Court for New Haven County in 1958. The appraisers of the assets of the corporation listed as one item an account receivable of $23,200 from Blickle Ford Sales, Inc. and Blickle Lincoln-Mercury, Inc., both New York corporations. This action was brought, based on diversity of citizenship, to recover this amount and for an accounting for such other amounts as may be due. Service was made on Charles Blickle in Connecticut, as president and director of both corporations. At the same time, writs of attachment and garnishment were served on Blickle and his wife Jeanette, pursuant to Rule 64 of the F.R.C.P. which provides: "At the commencement of and during the course of an action, all remedies providing for seizure of person or property for the purpose of securing satisfaction of the judgment ultimately to be entered in the action are available under the circumstances and in the manner provided by the law of the state in which the district court is held, existing at the time the remedy is sought * * *" subject to certain qualifications not claimed to be relevant here. Section 52–329 Conn. Gen.Stat. of 1958 provides for attachment of assets in the hands of an "agent or trustee" and attachment of debts that are due the defendant. Section 52–381 makes these debts and assets "liable for the payment" of a judgment that may be secured and provides for the issuance of a scire facias "to be served upon such garnishee, requiring him to appear before such court and show cause" why he should not pay the debt asserted to be due from him to the judgment debtor at the time of service of the writ. Judgment may be rendered against the garnishee for the amount of the debt.

Judgment against the defendant corporations was entered in the amount of $18,250 and plaintiff now seeks to enforce this judgment by levying upon debts asserted to be due and attachable under Connecticut statutes from the Blickles to the defendant corporations. The plaintiff moved for hearing under Rule 69(a) which was granted, and the plaintiff was allowed to examine Blickle to ascertain the state of accounts between the Blickles and the corporations. Blickle had been the owner of the stock in the Connecticut and both New York corporations, and had caused the sale of the business of the New York corporations and the disposition of their assets, leaving their debt to the Connecticut corporation unpaid. After such hearing, in the District Court for the District of Connecticut, T. Emmet Clarie, J., it was found that on the date that the garnishees were served with process they were not indebted to the corporations, and possessed no property belonging to them. Judgment was entered in favor of the garnishees, Charles and Jeanette Blickle, from which plaintiff appeals. Subsequent to this, plaintiff moved for an order appointing a receiver for the two defendant corporations and requiring Blickle to account to the receiver for the assets of the corporations. This motion was also denied, and plaintiff appeals from the order of denial. We find no error in the decision and order and we affirm.

■ Plaintiff first contends that error was committed in the finding that garnishees possessed no property of and owed no debts to the judgment debtors as the burden of proof was improperly assigned. Plaintiff contends that the burden of proof is upon the garnishees to show the absence of attachable assets in their hands. The question is to be decided under Connecticut law,

specifically made applicable by both Rules 64 and 69(a) F.R.C.P. Looking first at the general principles applicable in a Connecticut action of this type, it appears that the burden of proof was properly placed and the finding correct. Under Connecticut practice, a separate action would be required in the nature of a *scire facias* against the alleged debtor or trustee of the judgment debtor, requiring a hearing and judgment separate from the original action. (The procedure followed here, more in the nature of one supplementary to enforcement of a judgment, accords with the spirit of the Rules and seems to be a sufficiently close adherence to state procedures.) In Connecticut, whatever may have been the earliest practices (see Fowler v. Spelman, 1 Root 353 (1792) (*scire facias* said to be in the nature of a suit in chancery)) it is clear today from statute and decisions that the *scire facias* proceeding is considered to be an action at law. Smyth v. Ripley, 33 Conn. 306 (1866); White v. Washington School District, 45 Conn. 59 (1877); Savings Bank of Danbury v. Downs, 74 Conn. 87, 49 A. 913 (1901). And it is true in Connecticut, as everywhere, that in a civil action, the general burden of proof is on the plaintiff. Silva v. City of Hartford, 141 Conn. 126, 104 A.2d 210 (1954); Daly Bros., Inc. v. Spallone, 114 Conn. 236, 158 A. 237 (1932). Further, plaintiff asserts the affirmative, and it is a standard principle in Connecticut as elsewhere that the burden of proof will be with the party asserting the truth of a proposition. "The general and elementary rule is that, as between two such parties, the burden of proof rests upon him who asserts the existence of facts, and not upon him who denies their existence. The former, and not the latter, must finally satisfy the trier of the truth of the facts asserted." Fishel v. Motta, 76 Conn. 197, 56 A. 558 (1903). Finally, plain statements in several *scire facias* cases make it clear that the burden is with the plaintiff. "The fact *to be proved by the plaintiff* in this action is that there was a debt due

from this defendant to Mayo [the judgment debtor] on some one of the dates when the attachment was made, which debt was, by such attachment, secured to pay the judgment against Mayo." (Emphasis added.) Cunningham Lumber Co. v. New York, N. H. & H. R. R., 77 Conn. 628, 60 A. 107 (1905). "Now one of the facts set out in this proceeding is that the defendant, at the time the original process was served, was indebted to * * * the defendant in the original action. This fact the plaintiff must prove * *" Smyth v. Ripley, 33 Conn. 360 (1866). Plaintiff was also required to prove the elements of his action, either a debt due his judgment debtor or property of the judgment debtor in the hands of the garnishee, in the following cases: Kelley v. Torrington, 81 Conn. 615, 71 A. 939 (1909); Seigel v. Heimovitch, 128 Conn. 543, 24 A.2d 481 (1942); Witter v. Latham, 12 Conn. 392 (1837). Of the cases cited by plaintiff, Bacon Academy v. DeWolf, 26 Conn. 602 (1858) is not relevant; Hawes v. Mooney, 39 Conn. 37 (1872) gives judgment for the plaintiff but does not discuss the issues; Ciezynski v. New Britain Transp. Co., 121 Conn. 36, 182 A. 661 (1936) purports to place the burden on one issue, akin to an affirmative defense, on the defendant—who had alleged it—but even this is dictum as it was held that plaintiff could not prevail even if the defense failed.

It is clear that this rule places a heavy burden on a plaintiff when he has to untangle transactions between related or closely-interwoven parties. But the alternative would be, where the basic liability is contested, to shift the burden of proof to the purported debtor simply because the debt is sought to be collected in a garnishment action. In an ordinary action against him, he would not have to sustain the burden and no reason appears why he should here. The Connecticut courts have faced tangled webs like this one and have adhered to the general rule. See Seigel v. Heimovitch, supra. It may be that plaintiff can shift the burden of going forward by introducing some evi-

dence, but that is normally true, and here defendant did introduce evidence explaining the contested transactions. Finally, plaintiff is not helped by the "show cause" language in the statute. "As ordinarily used, an order to show cause has simply the effect of a notice of motion. * * * The burden of proof thereon rests upon the plaintiff." Matter of Gilhuly's Petition, 124 Conn. 271, 199 A. 436 (1938). The show cause order does not shift the burden of proof but is merely a method of summary procedure, like a summons. Ibid.

■ Plaintiff also argues that even if the burden of proof was his, that it was sustained. On a review of the record as well as the fragmentary references in the appendices of both briefs, we cannot say that the determination below was "clearly erroneous." It appears that the corporations steadily lost money. While there is no clear picture in the record of their dealings with the C. I. T. finance company to which they owed large obligations, it has not been shown on the record that the payment of these obligations was somehow "on behalf" of the garnishees. Blickle testified that he received no loans, salary, or benefits from the corporations and the plaintiff has not rebutted this. Plaintiff does not seem to have come up with anything concrete, depending chiefly on his examination of Blickle for proof. Although the garnishee's story is certainly peculiar, it would not seem beyond the bounds of rationality for the District Court to accept it.

■ Plaintiff next claims that the Blickles were liable under Section 60 of New York's General Corporation Law[1] to account for the corporate assets and repay any amounts transferred by the corporation to them or others constituting waste of corporate assets or transferred in violation of their duties as directors. Plaintiff claims that this liability is as "trustee" and therefore within the provisions of the Connecticut statute. Plaintiff also makes the related claim that the Blickles are liable as "trustees" under New York common law for derelictions of duty as regards corporate assets and therefore are likewise within the garnishment statute. Under New York law, it is quite probable that the Blickles could at least be held to account. A predecessor statute of § 60 was held to provide an absolute duty on the part of the directors to make provision for all corporate creditors on dissolution of the corporation. Suit against the directors was authorized when they dissolved a corporation and distributed its assets directly to the shareholders, leaving a creditor unpaid. No allegation of fraud was required. Darcy v. Brooklyn & N. Y. Ferry Co., 196 N.Y. 99, 89 N.E. 461, 26 L.R.A.,N.S., 267 (1909). Furthermore, the assets of the corporation were there characterized as

1. Section 60 of the General Corporation Law of New York:

"Action against directors or officers of corporation for misconduct. An action may be brought against one or more of the directors or officers of a corporation to procure judgment for the following relief or any part thereof:

"1. To compel the defendants to account for their official conduct, including any neglect of or failure to perform their duties, in the management and disposition of the funds and property, committed to their charge.

"2. To compel them to pay to the corporation, or to its creditors, any money and the value of any property, which they have acquired to themselves, or transferred to others, or lost, or wasted, by or through any neglect of or failure to perform or other violation of their duties.

"3. To suspend a defendant from exercising his office, for an abuse of his trust.

"4. To remove a defendant from office and to direct the filling of the vacancy in accordance with the charter and by-laws of the corporation, or, if they contain no provision therefor, in such manner as the court shall direct.

"5. To set aside a transfer of property, made by one or more directors or officers of a corporation, contrary to a provision of law, where the transferee knew the purpose of the transfer.

"6. To enjoin such a transfer where there is good reason to apprehend that it will be made."

a "trust fund" for the benefit of creditors. The stringent rule of this case was recently reaffirmed in New York Credit Men's Adjustment Bureau v. Weiss, 305 N.Y. 1, 110 N.E.2d 397 (1953). Here, the directors of a losing but not technically insolvent corporation conducted an auction sale, realizing about $20,000 on assets whose cost was about $60,000 and whose book value was about $72,000. The corporation had debts of $52,000, and creditors forced it into involuntary bankruptcy three days later. Its only assets were the proceeds of this sale. In a § 60 action against the directors, a motion to dismiss the complaint was denied and this was affirmed by the Court of Appeals. Even though the loss may have been only a result of poor judgment, and no fraud was alleged, the directors were said to be trustees of a corporation approaching insolvency, and would be liable for the damage, if any, to the creditors from their adoption of this means of liquidating the assets without notice to the creditors. Under New York law, a § 60 action is in equity, in the nature of an action for an accounting, rather than a legal action for damages. See Buttles v. Smith, 281 N.Y. 226, 22 N.E.2d 350 (1939). New York, as do other states, holds directors liable for misappropriations of assets, and may make an accounting the proper remedy. Coane v. American Distilling Co., 298 N.Y. 197, 81 N.E.2d 87 (1948); Sialkot Importing Corp. v. Berlin, 295 N.Y. 482, 68 N.E.2d 501 (1946). But New York has not gone quite as far as to say that corporate directors, even of a corporation in liquidation, are actual trustees. "Although directors of a corporation in dissolution are *not* trustees of an express trust, directors in dissolution have been classified as trustees of a trust fund created by operation of law for the benefit of the creditors of the corporation and its stockholders [citing cases]." (Emphasis in original.) Matter of Baldwin Trading Corp., 8 N.Y.2d 144, 202 N.Y.S. 2d 312, 168 N.E.2d 383 (1960). A concurring opinion would make the directors trustees expressly and for all purposes, but this, significantly, did not secure majority support. This may be taken as the New York rule concerning all directors' liability, both generally and under § 60, as it would seem that the form of the remedy would not affect the relationship sought to be enforced.

 It is clear that New York law applies to determine the extent of liability of the directors here: these are New York corporations, liquidated (more or less) in New York. The only contact of Connecticut is that the directors were at the time, Connecticut residents. The problem is whether there was error in holding that what may be a clear liability under New York law to a creditor of a liquidated corporation (or the corporation itself, if existing) does not fall within the class of attachable assets of the corporation. This may be analyzed on two bases: first, the liability of the garnishee as "trustee", and second, whether such a cause of action is a "debt due" the corporation.

New York is using the term "trustee" as a convenient label to describe the standard of care and liability imposed upon a corporate director. No conflict of laws problem arises here; Connecticut decisions use the same shorthand. "The relation between the directors of a corporation and the company itself is in most respects a fiduciary relation. While not trustees in a technical sense, they are often called such in practice." Mallory v. Mallory Wheeler Corp., 61 Conn. 131, at 138, 23 A. 708, at 711 (1891). "A director and officer undoubtedly occupies a fiduciary relationship to the corporation and its stockholders, but he is not a trustee in the strict sense of the term." Arrigoni v. Adorno, 129 Conn. 673, 31 A.2d 32 (1943). It would seem, therefore, that both states would agree that the label "trustee" need not be applied for all purposes to a corporate director. The garnishment statute uses the term for a wholly different purpose however, to reach the judgment debtor who conveys legal title to his assets in hope of getting them beyond the reach of his judgment creditor. To seize on the use of a word to make the statute applicable

would ignore the considerations behind the different uses of the word in the different contexts. If, indeed, the statute is to apply here, it would have to be on the broader ground that there is a "debt due" the corporation from the Blickles.

■ In this second aspect, a problem of conflicts of laws arises. Under New York law, the action by or in behalf of a corporation against the directors is an equitable one, as in the nature of an action for an accounting. See Coane v. American Distilling Co., supra; Sialkot Importing Corp. v. Berlin, supra; Buttles v. Smith, supra; Matter of Baldwin Trading Corp., supra. The tort statute of limitations has been expressly held inapplicable, and the longer one for an accounting applied. Matter of Baldwin Trading Corp., supra. Under Connecticut law, however, the action seems to be one in tort, for a dereliction of duty to the stockholders and creditors. The tort statute of limitations has been held applicable, and the action described as for "negligence." "Directors or stockholders who have brought about an illegal transfer are guilty of a tort and may be held personally accountable for the loss suffered by the minority stockholder. * * * The nature of the wrong being one ex delicto * * *." Mills v. Tiffany's Inc., 123 Conn. 631, 633–634, 198 A. 185, 191 (1938). "Directors who breach their fiduciary duties to their stockholders are joint tort-feasors and as such are jointly and severally liable for their actions." Stopford v. Haskell, 147 F.Supp. 509, 510 (D.Conn.1957). The importance of this conflict is that the Connecticut case which has considered the point has held specifically that "debt due" does not include a tort claim, even one in which a default judgment has been taken and the only remaining issue at the time of attachment is the amount of damages. Holcomb v. Town of Winchester, 52 Conn. 447 (1885). The claim alleged here is not this far liquidated, and if it is to be considered a tort claim, following this authority it would surely be barred. The operative statutory words are "debt due" and they must be interpreted as Con-

necticut would read them. The cause of action is a New York one, but the New York characterization of it does not carry over when it is sought to be asserted in a Connecticut proceeding under a Connecticut special statute. The statute is a procedural one, and the forum applies its own law in that case to the interpretation of the statute. New England Fruit & Produce Co. v. Hines, 97 Conn. 225, 116 A. 243 (1922). The rule is the same in New York, see Morris Plan Industrial Bank of New York v. Gunning, 295 N.Y. 324, 67 N.E.2d 510 (1946). It is thus likely that Connecticut would not permit a judgment creditor to assert such a claim in a garnishment proceeding.

■ Nor is it plain that any wholly unliquidated cause of action could be a "debt due" under the statute, although the cases have been very liberal. The fullest definition is: "It must be an existing obligation to pay either in the present or future, and that where the coming into existence of the debt was dependent on the happening of some future contingency it was not due until the contingency (sic) occurred." Molloy v. Prudential Ins. Co., 129 Conn. 251, 253–254, 27 A.2d 387, 388 (1942). The claim need not be liquidated, but the amount can be left for determination in the *scire facias* proceeding. Ransom v. Bidwell, 89 Conn. 137, 93 A. 134 (1915). Thus, the following attachments and garnishments have been allowed: Ransom v. Bidwell, supra (obligation of owner to pay amount to contractor as determined by arbitration); Parker, Peebles & Knox v. El Saieh, 107 Conn. 545, 141 A. 884, 59 A.L.R. 1424 (1928) (amounts due under a fire insurance policy where loss occurred before garnishment but proofs of loss had not yet been filed and amount of loss was unliquidated). In the following cases the attachment was not allowed: Molloy v. Prudential Life Ins. Co., supra (two life insurance policies, one paid-up with no right to surrender and one lapsed with right to cash benefits on election); Calechman v. Great Atlantic & Pacific Tea Co., 120 Conn. 265, 180 A. 450, 100 A.L.R. 302 (1935) (pay-

ments on a lease accruing after the garnishment, though "due" under the lease provisions); Brown v. Nasin, 21 Conn.Supp. 16, 142 A.2d 59 (Com.Pl. Hartford Cty.1958) (subcontractor's right of action to sue on contractor's bond —no debt due until right of action exercised). It is not entirely clear from this line of authority what result a state court would reach. However, it does seem that past cases have required the claim to be "due" in the sense that some amount is admittedly owing, even if the amount is not fixed. A wholly disputed claim has not been found attachable yet, and *Brown* is close to saying that it may not be. The statute seems to look towards less than operating as a vehicle for assigning claims of the judgment debtor's. More complicated statutory machinery is expected where this is intended. Compare New York Civil Practice Act, § 795. Making "debt" mean "cause of action" is a step beyond ordinary statutory construction. It may be that as a matter of law plaintiff has a cause of action under G.C.L. § 60 against the garnishee; and that the corporation, his judgment-debtor, also has such an action. But this we hold is not a "debt due" within the meaning of the Connecticut statute, since it is a tort claim, and one not yet even partly admitted. The judgment in favor of the garnishees must be affirmed.

■■■ The claim for a receivership of the corporations was properly rejected. Plaintiff's request that a receiver be appointed for the two corporations was denied on jurisdictional grounds. Under Rule 69, supplementary proceedings are governed by state law. In Connecticut, it is possible to appoint a receiver for a foreign corporation, but the corporation must have property within the state. Low v. R. P. K. Pressed Metals Co., 91 Conn. 91, 99 A. 1, L.R.A.1917D, 291 (1916); Receivers of Middlesex Banking Co. v. Realty Investment Co., 104 Conn. 206, 132 A. 390 (1926); Potter v. Victor Page Motors Corp., 300 F. 885 (D.Conn. 1924). See also 7 Moore, Federal Practice 1927–28. The District Court held that there was no property within the

state. If the main determination that there was no debt due is upheld, this must also be affirmed. And, conversely, if there was a debt due, so that garnishment and attachment were available, no receiver is necessary and one should not be appointed under the usual rule that this is an extraordinary remedy to be resorted to only where some injury to property can be avoided in no other way. Mintzer v. Arthur L. Wright Co., 263 F. 2d 823 (3 Cir., 1959); Gordon v. Washington, 295 U.S. 30, 55 S.Ct. 584, 79 L.Ed. 1282 (1935). Denial of receivership in this action was proper.

The judgment and order appealed from are affirmed.