STATE OF CONNECTICUT *v.* ERIC HAM
(SC 16244)

McDonald, C. J., and Borden, Katz, Sullivan and Vertefeuille, Js.

Argued April 19—officially released July 4, 2000

*William S. Palmieri,* for the appellant (defendant).

*Eliot D. Prescott,* assistant attorney general, with whom, on the brief, were *Richard Blumenthal,* attorney general, and *Carolyn K. Querijero,* assistant attorney general, for the appellee (state).

*Opinion*

PER CURIAM. The plaintiff, the state of Connecticut, instituted this action, pursuant to General Statutes § 18-85a,[1] § 18-85a-2 of the Regulations of Connecticut State

---

[1] General Statutes § 18-85a provides: "The Commissioner of Correction shall adopt regulations in accordance with the provisions of chapter 54 concerning the assessment of inmates of correctional institutions or facilities for the costs of their incarceration."

Agencies,[2] and General Statutes § 51-298,[3] seeking to recover from the defendant, Eric Ham, the assessed cost of his incarceration and the cost of public defender services provided to him.[4] The state's complaint seeks damages in the amount of $1,872,461.50, which represents the state's total cost for incarcerating the defendant through his earliest eligible parole date and the cost of his public defender services.

The state filed an application for a prejudgment remedy seeking an attachment, in the amount of $898,230.50, of a trial judgment in favor of the defendant

[2] Section 18-85a-2 of the Regulations of Connecticut State Agencies provides: "On or after October 1, 1997, inmates shall be charged for and shall be responsible to pay the assessed cost of incarceration, as defined in 18-85a-1 (a)."

Section 18-85a-1 of the Regulations of Connecticut State Agencies defines "assessed cost of incarceration" as "the Inmate per capita cost, per diem, at the component facilities within the Department of Correction as determined by employing the same accounting procedures as are used by the Office of the Comptroller in determining per capita per diem costs in state humane institutions in accordance with the provisions of Section 17b-223 of the general statutes. . . ."

[3] General Statutes § 51-298 provides in relevant part: "(a) (1) If at any time, either during or after the disposition of his case, a defendant who is receiving or has received public defender services based on his indigency becomes financially able to meet all or some part of the cost of the services rendered to him, he shall be required to reimburse the commission, in such amounts as he can reasonably pay, either by a single payment or by instalments of reasonable amounts, in accordance with a schedule of charges for public defender services prepared by the commission. . . .

"(b) The commission shall have a claim against any person represented by a public defender, assistant public defender or deputy assistant public defender pursuant to this chapter, for the reasonable value of services rendered to him, as determined in accordance with the schedule of reasonable charges for public defender services provided by the commission. . . ."

[4] The defendant had been convicted of murder, conspiracy to commit murder, larceny, conspiracy to commit larceny, assault in the first degree and falsely reporting an incident, on the basis of events that occurred in 1993. The trial court sentenced him to a term of imprisonment of fifty years, and, having exhausted his avenues of appeal in this state; see State v. Ham, 55 Conn. App. 281, 739 A.2d 1268 (1999), cert. denied, 252 Conn. 916, 743 A.2d 1128 (2000) (affirming judgment of conviction); the defendant is currently serving that sentence.

against the city of New Haven in another matter. See *Ham* v. *Green*, 248 Conn. 508, 729 A.2d 740, cert. denied, 528 U.S. 929, 120 S. Ct. 326, 145 L. Ed. 2d 254 (1999) (affirming jury award of $930,000 for present defendant in action against two New Haven police officers for wrongful arrest and malicious prosecution).[5] The defendant moved to dismiss the state's application for a prejudgment remedy, claiming that only the costs of incarceration actually incurred as of the application date could be attached. After a hearing, the trial court, *Lavine, J.*, denied the defendant's motion to dismiss and granted the state's application for a prejudgment remedy in the amount of $893,910.50,[6] concluding that the state could recover its costs for incarcerating the defendant through his earliest eligible parole date.

The defendant appealed from the judgment of the trial court to the Appellate Court, and we transferred the appeal to this court pursuant to Practice Book § 65-1, and General Statutes § 51-199 (c). We affirm the judgment of the trial court.

Appellate review of a trial court's broad discretion to deny or grant a prejudgment remedy is limited to a determination of whether the trial court's rulings constituted clear error. *Greenberg, Rhein & Margolis, Inc.* v. *Norris-Faye Horton Enterprises, Inc.*, 218 Conn. 162, 166, 588 A.2d 185 (1991).

The defendant claims that the trial court incorrectly determined that the state could obtain a prejudgment remedy in the amount of $893,910.50 because his continued incarceration serves as a condition precedent that must be fulfilled before this debt to the state becomes

---

[5] This judgment against the city of New Haven is not related to the defendant's conviction for which he is incarcerated.

[6] This number is slightly less than the amount cited in the state's application for a prejudgment remedy because the court determined, after an evidentiary hearing, that the costs of the defendant's incarceration plus his undisputed public defender costs totaled $893,910.50.

due and owing. In support of this argument, he cites cases holding that a debt to be garnished must be certain and owing. See, e.g., *F & W Welding Service, Inc.* v. *ADL Contracting Corp.*, 217 Conn. 507, 515, 587 A.2d 92 (1991); *Hospital of St. Raphael* v. *New Haven Savings Bank*, 205 Conn. 604, 608, 534 A.2d 1189 (1987); *Ransom* v. *Bidwell*, 89 Conn. 137, 141, 93 A. 134 (1915).

The defendant's argument that a debt that is not certain may not be attached by garnishment does not avail him. Although we reaffirm the principle that a debt is owing and thus available for garnishment only if the garnishee has an existing obligation to pay the party from whom recovery is sought either in the present or the future; *Ransom* v. *Bidwell*, supra, 89 Conn. 141; this principle applies to the debt to be garnished, not to the underlying obligation that is the subject of the lawsuit in question. In order to receive a prejudgment remedy in the present action, the state need only establish that there is probable cause that it will receive a judgment against the defendant in the amount of the prejudgment remedy sought. See General Statutes § 52-278d.[7] The defendant's argument that the state's claim against him for the costs of incarceration is not "due and owing" is simply misdirected. That doctrine applies, not to the state's claim that is the subject of this lawsuit, but to the obligation of the city of New Haven to the defendant, which is due and owing. Thus, the holding of *Ransom* v. *Bidwell*, supra, 137, is simply not applicable in this appeal.

The judgment is affirmed.

---

[7] General Statutes § 52-278d provides in relevant part: "(a) The defendant shall have the right to appear and be heard at the hearing. The hearing shall be limited to a determination of (1) whether or not there is probable cause that a judgment in the amount of the prejudgment remedy sought, or in an amount greater than the amount of the prejudgment remedy sought, taking into account any defenses, counterclaims or set-offs, will be rendered in the matter in favor of the plaintiff . . . ."