[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: PREJUDGMENT REMEDY
The plaintiff brings this application under C.G.S. § 18-85a
and Regulations of Connecticut State Agencies §§ 18-85a 1 thru 4 CT Page 1830-aq to recover the assessed cost of defendant's incarceration and for the return of public assistance rendered to one Kimberly Phillips pursuant to C.G.S. § 17b-93.
 I. Costs of Incarceration
The pertinent regulations were published in the Connecticut Law Journal on October 7, 1997. The regulations and the history of their adoption are attached hereto as Exhibit A.
At least some of the crimes for which he was incarcerated resulted from guilty pleas.
Defendant is indebted to the State of Connecticut in the amount of $102,230 for his incarceration costs from October 7, 1997 thru January 29, 2001 and will be so indebted for $8,463.00 from now until his possible parole date of May 1, 2001, for a total of $110,693.00 minus $9.00 received by plaintiff, for a net amount due of $110,684.00.
 II. Costs of Public Assistance
Plaintiff is owed $12,660.00 for costs of the public assistance it paid on behalf of defendant under C.G.S. § 17b-93.
The court finds that it is more probable than not that the plaintiff will prevail on its proposed complaint in the amount of $123,353.00 plus some interest and costs. Therefore, a prejudgment remedy as requested is granted in the amount of $130,000.00. State v. Ham, 253 Conn. 566.
The court has received a document which is titled a motion but appears to be an application for a prejudgment remedy to insure payment for legal services not yet rendered. The court will set a date for a hearing on that motion.
The defendant himself raised the issue that he would have had the right to not plead guilty but to opt for a trial. Our rules in regard to a plea canvas, P.B. §§ 39-19 thru 21, do not require that the court either tell a defendant of the costs of incarceration or ask him about his knowledge of such costs.
Norris L. O'Neill, J.
 EXHIBIT A
CT Page 1830-ar DEPARTMENT OF CORRECTION _________________________ Cost of Incarceration _________________________
The regulations of Connecticut State Agencies are amended by adding new Sections 18-85a-1 to 18-85a-4 of the Regulations of State Agencies.
Sec. 18-85a-1. Definitions
The following definitions apply as used in Sections 18-85a-1 to 18-85a-4, inclusive, as follows:
(a) "Assessed Cost of Incarceration" means the Inmate per capita cost, per diem, at the component facilities within the Department of Correction as determined by employing the same accounting procedures as are used by the Office of the Comptroller in determining per capita per diem costs in state humane institutions in accordance with the provisions of Section17b-223 of the general statutes. For inmates serving Connecticut sentences in other states, either in state or federal institutions, the assessed cost of incarceration shall be either the actual cost billed by the receiving jurisdiction or the per capita cost, per diem, of the facility in which the inmate was confined when transferred, whichever is higher.
(b) "Inmate" means an individual confined, or formerly confined, in a correctional facility serving a sentence imposed by any Connecticut state court.
Sec. 18-85a-2. Inmate responsibility for cost of incarceration
On or after October 1, 1997, inmates shall be charged for and shall be responsible to pay the assessed cost of incarceration, as defined in18-85a-1(a).
Sec. 18-85a-3. Inmate responsibility for cost of services and programs
On or after October 1, 1997, inmates shall be charged for and shall be responsible to pay costs involved in their use of various services and programs. No inmate shall be denied medical care based on an inability to pay. All sums collected from an inmate in connection with such use shall be deducted from the inmate's assessed cost of incarceration. The inmate's responsibility to pay for the use of services and programs shall CT Page 1830-as be in accordance with the following schedule:
Programs
(1) Elective education programs, $3.00 per course.
(2) Vocational-education programs, $3.00 per course.
(3) Participation in extended family visits $10.00 per visit.
Health Services
(1) Sick Call — inmate initiated visits — $3.00 per visit.
(2) Dental Procedures — $3.00 per procedure.
(3) Eyeglasses — $3.00 per prescription.
Laboratory Testing Fees — Laboratory tests taken to detect illegal use of drugs where results are positive — actual cost of confirmation test.
Sec. 18-85a-4. Payment and collection of costs of incarceration, servicesand programs
Inmate responsibility for costs of elective education programs, vocational-education programs or participation in extended family visits as provided in Section 18-85a-3 shall be deducted by the Department of Correction from the inmate's account prior to the inmate's admission to such programs or shall be deducted from the inmate's account following admission to such programs if necessary to permit admission. Necessity will exist only in cases where the inmate does not have adequate funds for admission at the time of entry to the program, but will earn such funds from participation in the program.
The inmate's responsibility to pay the assessed cost of incarceration shall be discharged in part by a 10% deduction from all deposits made to the inmate's individual account including deposits made from work assignments. Deductions from an inmate's account shall not exceed the assessed cost of incarceration owed by the inmate. Any balance in the amount owed by an inmate on the assessed cost of incarceration after such deductions shall be collected with the assistance of the Department of Administrative Services and in accordance with a memorandum of understanding between the Department of Correction and the Department of CT Page 1830-at Administrative Services.
Statement of purpose: To set up guidelines to enable the Department of Correction to collect payments from inmates relating to any assessed cost associated with incarceration.
Be it known that the foregoing regulations are adopted by the aforesaid agency pursuant to Sec. 18-85 of the General Statutes, after publication in the Connecticut Law Journal on July 2, 1996 of the notice of the proposal to adopt such regulations.
Wherefore, the foregoing regulations are hereby adopted. effective when filed with the Secretary of the State.
In Witness Whereof: June 19, 1997, John J. Armstrong, Commissioner.
Approved by the Attorney General as to legal sufficiency in accordance with Sec. 4-169. as amended. Connecticut General Statutes: June 24, 1997.
Approved by the Legislative Regulation Review Committee in accordance with Sec. 4-170, as amended, of the General Statutes: July 22, 1997.
Two certified copies received and filed, and one such copy forwarded to the Commission on Official Legal Publications in accordance with Sec.4-172, as amended, of the General Statutes, Secretary of the State: July 28, 1997.
 _________________________ BOARD OF PAROLE
_________________________ Criteria and Procedures for Release of Inmates Without Parole Hearing
_________________________
The Regulations of Connecticut State Agencies are amended by adding Section 54-125b-1 as follows:
A person may be allowed to go on parole in accordance with Section54-125a of the General Statutes and any other applicable statute, without a parole hearing being conducted by a panel of the Board of Parole under the following conditions: CT Page 1830-au
(a) An employee of the Board of Parole must have reviewed the inmate's case and recommended that parole be granted to such inmate, only after advance notice has been given to any victim, if the victim has requested such notice and provided a current address. Testimony of such crime victim may occur as defined in Connecticut General Statute Section 54-126a.
(b) The Board of Parole employee who conducts such review and makes such recommendation must have been designated to do so, in writing, by the Chairman of the Board of Parole or the Chairman's designee. Such designation may be in general or for a particular case, only at the discretion of the Chairman or the Chairman's designee.