**FIDELITY NATIONAL TITLE INSURANCE CO. & Chicago Title Insurance Co., Plaintiffs,**

v.

**Patrick R. GIL, Executor of Estate of Andrew M. Kissel, Defendant.**

**No. 3:05cv1152 (JBA).**

United States District Court, D. Connecticut.

April 12, 2007.

Rachel A. Lieberfarb, Stewart I. Edelstein, Cohen & Wolf, Bridgeport, CT, for Plaintiffs.

Daniel W. Moger, Jr., Jacques & Moger, PC, Greenwich, CT, for Defendant.

## RULING ON PLAINTIFFS' APPLICATION FOR SHOW CAUSE ORDER AND MOTIONS FOR CONTEMPT [DOCS. ## 83, 84]

ARTERTON, District Judge.

Plaintiffs Fidelity National Title Insurance Company and Chicago Title Insurance Company move for orders of contempt against defendant Patrick R. Gil individually and as executor of the Estate of Andrew M. Kissel [Doc. # 83] and against F & O Holdings, LLC and Paul Quirk [Doc. # 84–2] claiming violation of the Court's July 29, 2005 Order Granting Modification of Ex Parte Prejudgment Remedy [Doc. # 7], which Order authorized plaintiffs to "garnish any money, sums or debts due to Andrew M. Kissel from any of his agents, trustees, obligors or debtors, including but not limited to Andrew M. Kissel's interest in limited liability companies, limited partnerships, an Oppenheimer & Co. Inc. brokerage account, and any bank accounts, receivables or other money sums or debts due to said Andrew M. Kissel." [1] *See* Order at 1. Specifically, plaintiffs contend that after issuance of the Court's Order, they "learned that Andrew M. Kissel had a 50% interest in F & O Holdings, LLC, a Connecticut limited liability company, which owned real property located at 555 Riversville Road, Greenwich, Connecticut, known as Epona Stables," that "[o]n August 3, 2005, [they] served a Writ of Garnishment, along with a copy of the [Court's] Order, on R. Scott Beach, the registered agent for service for F & O Holdings, LLC and on Andrew M. Kissel," and that subsequently (and following Kissel's death on April 3, 2006) "[i]n violation of the Court's Order and without notices to the [p]laintiffs, the Property was sold on September 25, 2006 and a check for 50% of the net proceeds, which amounted to $235,682.50 ..., was made payable to Patrick R. Gil, Trustee." Pl. Mots. [Docs. # 83, 84–1] at 1–2. Plaintiffs thus aver that Gil, violated the Court's Order (1) "by accepting the Funds from F & O Holdings, LLC a garnished entity;" (2) "by failing to hold the Funds in escrow until the entry of final judgment in this matter;" (3) "by failing to notify the [p]laintiffs of receipt of the Funds from the garnished entity at the time of receipt;" (4) "by treating the Funds as assets of the estate of Andrew M. Kissel;" and (5) "by stating to counsel for the [p]laintiffs that the Funds will be used to satisfy, in whole or in part, the order of Probate Judge Hopper dated January 10, 2007." Pl. Gil. Mot. at 2. Plaintiffs also contend that F & O Holdings and Paul Quirk (holder of 50% interest in F & O Holdings, the other 50% held by Kissel) violated the Court's Order "by distributing the Funds due to Andrew M. Kissel's [sic] from F & O Holdings, LLC, a garnished entity; by failing to hold the Funds in escrow until the entry of final judgment in this matter; [and] by failing to notify the Plaintiffs of the garnished entity's distribution of the Funds." Pl. F & O Mot. at 5.

■ In order to be held in contempt of a court order, a party must be found to have been "directly bound" by the court order at issue or an aider and abettor of one so bound, *see Levin v. Tiber Holding Corp.*, 277 F.3d 243, 250 (2d Cir.2002), and it also must be found that: " '(1) the order the party allegedly failed to comply with is clear and unambiguous, (2) the proof of noncompliance is clear and convincing, and (3) the party has not diligently attempted

---

1. Plaintiffs also seek a show cause order directing F & O Holdings and Paul Quirk to show cause why the Motion for Contempt directed against them should not be granted. *See* Appl. for Show Cause Order [Doc. # 84–1].

in a reasonable manner to comply.'" *Bridgeport Guardians v. Delmonte*, 371 F.Supp.2d 115, 119 (D.Conn.2005) (quoting *N.Y. State Nat'l Org. for Women v. Terry*, 886 F.2d 1339, 1351 (2d Cir.1989)).

■ Here, it cannot be said that either Gil, or F & O and Quirk, were directly bound by the Court's Order. Rather, the Court's Order authorized plaintiffs to garnish "any money, sums or debts due to [Kissel] from any of his agents, trustees, obligors or debtors," and thus on August 3, 2005, plaintiffs served a Writ of Garnishment on F & O Holdings, in which they had learned Kissel had a 50% interest and which owned certain real property, directing F & O Holdings to disclose by August 11, 2005 any indebtedness due to Kissel. Thus, first, the Court's Order and plaintiffs' concomitant Writ of Garnishment did not directly bind Gil (who was not appointed administrator of Kissel's Estate until after Kissel's death in April 2006 in any event). Moreover, in August 2005, the Writ of Garnishment did not subject even F & O Holdings and/or Quirk to any liability because, at the time, neither F & O Holdings nor Quirk owed Kissel anything. *See Conn. v. Ham*, 253 Conn. 566, 755 A.2d 176, 178 (2000) ("[A] debt is owing and thus available for garnishment only if the garnishee has an existing obligation to pay the party from whom recovery is sought either in the present or the future.").

■ Additionally, while the Court's Order was clear and unambiguous as to the authority given to plaintiffs to garnish certain debts, the purpose being to address plaintiffs' problem articulated in their July 26, 2006 Motion for Modification [Doc. # 6] that they had searched for assets in Kissel's name and could not locate any that had any equity to secure the prejudgment remedy in this action, it was not clear and unambiguous that the Order applied as plaintiffs now claim to Gil, F & O Holdings, and Quirk, as the Order did not

account for the treatment of sale proceeds subsequently realized from the sale of property owned by a limited liability company in which Kissel had an interest (which, rather than a debt due at the time, seems more appropriately characterized as an asset in any event). There thus can be no clear and convincing proof that Gil, F & O Holdings, and/or Quirk failed to comply with the Court's Order.

■ In any event, these parties' actions appear to have been reasonable and in accordance with the orders concerning Kissel's estate in the Greenwich Probate Court: had they refused to join the stipulation entered into in Superior Court which allowed the property owned by F & O Holdings to be sold by releasing Kissel's widow's lis pendens from the land records in return for the net sales proceeds being held by the administrator of Kissel's estate (Gil), a mortgage foreclosure would have been effected and the value of the property lost to all parties. Further, Gil was bound to act in accordance with his charge as administrator by the Probate Court and in accordance with Superior Court Judge Tyma's grant of the motion for advice which approved the stipulation and allowed the property to be sold. *See* 8/14/06 Tr. [Doc. # 105–3] at 2–4. In fact, contrary conduct by any of Gil, F & O Holdings, and/or Quirk premised on this Court's Order would have been in contradiction with the probate exception to federal diversity jurisdiction, which applies to lawsuits that are "probate-related" where "entertaining the [ ] action would cause the federal district court to interfere with the probate proceedings or assume general jurisdiction of the probate or control of property in the custody of the state court." *See Moser v. Pollin*, 294 F.3d 335, 340–41 (2d Cir.2002) (citing, *inter alia, Markham v. Allen*, 326

U.S. 490, 494, 66 S.Ct. 296, 90 L.Ed. 256 (1946)).[2]

Accordingly, there is no basis for finding defendant Gil or third-parties F & O Holdings and Paul Quirk in contempt of this Court's July 29, 2005 Order, and plaintiffs' Motions for Contempt [Docs. # 83, 84–2] are thus DENIED. Plaintiff's Application for Show Cause Order [Doc. # 84–1] is also DENIED as moot.

IT IS SO ORDERED.

---

**2.** The Court observes that under state law, a "suit shall not be brought against the fiduciary of an estate in course of settlement as insolvent" and "any pending suit ... shall abate," Conn. Gen.Stat. § 45a–414, however, relevant for purposes of this lawsuit, an action pending at a decedent's death may be continued against the executor or administrator of his or her estate, although execution will be limited to property attached during the decedent's lifetime, see *Craig v. Wagner*, 88 Conn. 100, 89 A. 916 (1914).