BASILE TZOVOLOS ET AL. *v.* SCOTT WISEMAN ET AL.

JASON ROBERT'S, INC. *v.* ALPERT REALTY, LLC
(SC 18569)

Rogers, C. J., and Norcott, Palmer, Vertefeuille and Alvord, Js.

Argued October 27, 2010—officially released February 22, 2011

*Daniel Shepro*, for the appellants-appellees (defendant Jason Robert's, Inc., et al. in the first action and plaintiff in the second action).

*Richard W. Callahan*, for the appellees-appellants (plaintiffs in the first action).

*Opinion*

PER CURIAM. This appeal arises from two cases involving a complex commercial dispute over the ownership of and security interests in certain restaurant equipment. In the first action, which was brought in the judicial district of New Haven, the plaintiffs, Basile Tzovolos and Olympia Tzovolos, alleged that the defendants Scott Wiseman and Seawind, LLC (Seawind),[1] had breached a purchase and sale agreement for the equipment. The plaintiffs alleged, among other things, that: Wiseman and Seawind had failed to make payments for the equipment; Wiseman had breached a promissory note related to the sale of the equipment; Wiseman and Seawind had been unjustly enriched; the defendants Robert D. Hartmann, Sr. (Hartmann, Sr.), Robert D. Hartmann, Jr. (Hartmann, Jr.), Jason R. Hartmann (Jason Hartmann), Jason Robert's Concrete, LLC (Jason Robert's Concrete), and Wiseman had converted the equipment; Hartmann, Sr., Hartmann, Jr., Jason Hartmann, Jason Robert's Concrete and Jason Robert's, Inc. (Jason Robert's),[2] had engaged in a fraudulent transfer of the equipment and had violated the Connecticut Unfair Trade Practices Act (CUTPA), General Statutes § 42-110a et seq.; Jason Robert's and the defendant Alpert Realty, LLC (Alpert Realty)[3] unlawfully had taken

---

[1] The trial court ultimately granted the plaintiffs' motion for default for failure to appear as to Wiseman, and he is not a party to this appeal.

[2] Hereinafter, we refer to Hartmann, Sr., Hartmann, Jr., Jason Hartmann, Jason Robert's Concrete and Jason Robert's collectively as the Hartmann defendants and individually by name when necessary.

[3] After the original complaint was filed, the trial court granted the plaintiffs' motion to cite in Jason Robert's and Alpert Realty as party defendants.

possession of the equipment and had violated CUTPA; and the Hartmann defendants and Alpert Realty had tortiously interfered with the plaintiffs' contractual relations and had been unjustly enriched. In the second action, which was brought in the judicial district of Ansonia-Milford at Milford, the plaintiff, Jason Robert's, alleged that it had a security interest in the equipment, which was located on the premises of the defendant, Alpert Realty, and that Alpert Realty had wrongfully refused to allow Jason Robert's to have access to the equipment and to remove it from the premises. The trial court in the second action, sua sponte, transferred the action to the judicial district of New Haven and the trial court in the first action consolidated the two cases for trial.

Thereafter, Alpert Realty filed a cross complaint in the first action against Hartmann, Sr., Hartmann, Jr., Jason Hartmann and Jason Robert's, in which it alleged that they had breached an agreement to indemnify Alpert Realty for any claims arising out of their use of the premises where the equipment had been stored.[4] The Hartmann defendants then filed a special defense to the cross complaint, in which they alleged that Alpert Realty had permitted others to have access to the prem-

---

[4] After this appeal was filed, it was discovered that the trial court file did not contain all of the operative pleadings. Accordingly, this court ordered the parties to jointly reconstruct the record as to any pleadings that were filed after the plaintiffs filed their December 11, 2006 revised complaint, and to submit those pleadings, upon stipulation, to this court. Thereafter, the Hartmann defendants submitted to this court copies of the following: Alpert Realty's answer and cross complaint; the Hartmann defendants' answer, special defenses and counterclaims against Alpert Realty; the plaintiffs' reply to Jason Robert's Concrete's special defense; Alpert Realty's reply to the Hartmann defendants' special defenses and its answer and special defenses to the Hartmann defendants' counterclaim; and the Hartmann defendants' reply to Alpert Realty's reply and special defenses to the Hartmann defendants' counterclaim. Although not provided pursuant to this court's order, a copy of the Hartmann defendants' answer, special defense and counterclaim in the first action was included in the appendix to the plaintiffs' brief to this court. We assume for purposes of this opinion that these copies are true and accurate copies of the pleadings that were submitted to the trial court.

ises where the equipment had been stored, and a counterclaim to the cross complaint in which they alleged that they had been damaged as a result of Alpert Realty's misrepresentations, that Alpert Realty had converted the equipment and that Alpert Realty's conduct was wilful and wanton. The Hartmann defendants also filed a special defense against the plaintiffs' claims in which they alleged that Jason Robert's Concrete had a prior security interest in the equipment.[5]

After a trial to the court,[6] the trial court rendered judgment in the first action for the plaintiffs,[7] for Alpert

---

[5] The Hartmann defendants also attempted to bring a counterclaim against the plaintiffs alleging that the plaintiffs had converted Jason Robert's Concrete's security interest in the equipment. The trial court denied the counterclaim as untimely. Although it had already denied the counterclaim, the trial court thereafter concluded in its memorandum of decision that the Hartmann defendants had failed to prove the allegations in the counterclaim.

[6] At the conclusion of a status conference on November 17, 2006, the trial court, Lager, J., issued a scheduling order stating that "THE ABOVE-CAPTIONED CASE HAS BEEN GIVEN A FINAL ASSIGNMENT FOR COURTSIDE TRIAL BY THE HON. LINDA K. LAGER [ON DECEMBER 19, 2006 AT 9:30 A.M.]. THE COURT WILL NOT GRANT A FURTHER CONTINUANCE OF THE TRIAL DATE. ALL PARTIES AND COUNSEL MUST APPEAR AND PROCEED OR RISK ENTRY OF NONSUIT, DISMISSAL OR DEFAULT. IN THE EVENT OF A DEFAULT, THE COURT WILL IMMEDIATELY CONDUCT A HEARING IN DAMAGES." On December 11, 2006, in response to a request to revise that Jason Robert's had filed on August 18, 2006, the plaintiffs in the first action filed a revised complaint that was substantially identical to their April 4, 2006 second amended complaint, with the exceptions that: (1) the revised complaint named Jason Robert's as a defendant for the first time; and (2) each count identified the specific defendants to which the count applied. When the parties appeared in court on December 19, 2006, for the purpose of commencing trial, the attorney for the defendants in the first action advised the court that the pleadings were still open and requested a jury trial. The court noted that the defendants had not filed a jury claim and ordered the parties to proceed to trial before Judge Cosgrove. On the second day of trial, December 20, 2006, the defendants filed a jury claim. Judge Cosgrove noted that the plaintiffs' revised complaint had not raised any new issues and denied the defendants' request for a jury trial on the ground that it was untimely. The court further noted that it appeared that Judge Lager had already denied the request.

[7] Specifically, the trial court concluded that Hartmann, Sr., Hartmann, Jr., and Jason Hartmann were personally liable for the debts of the corporate

Realty on its cross claim against the Hartmann defendants,[8] and against the Hartmann defendants on their counterclaims against Alpert Realty. The court rendered judgment in the second action against Jason Robert's. The trial court subsequently granted in part the motion of the plaintiffs in the first action for a special finding pursuant to General Statutes § 52-226a,[9] that Jason Robert's Concrete, Hartmann, Sr., Hartmann, Jr., and Jason Hartmann had raised their defenses to the plaintiffs' conversion claim and their counterclaim for conversion without a good faith basis and for the purpose of harassment and delay.[10]

This appeal followed.[11] The Hartmann defendants claim on appeal that the trial court improperly: denied

defendants—Seawind, Jason Robert's and Jason Robert's Concrete; that Hartmann, Sr., Hartmann, Jr., Jason Hartmann and Jason Robert's Concrete had converted the equipment; that the Hartmann defendants had fraudulently conveyed the equipment; that the Hartmann defendants had violated CUTPA; that the Hartmann defendants had tortiously interfered with the plaintiffs' contractual relations with Wiseman and Seawind; and that the Hartmann defendants had been unjustly enriched. The court awarded the plaintiffs compensatory damages in the amount of $12,700, plus statutory interest from April 26, 2004, and punitive damages and attorney's fees in the amount of $39,640.

[8] Specifically, the trial court concluded that Alpert Realty was entitled to indemnification for legal expenses incurred as the result of the dispute over the equipment in the amount of $28,395.

[9] General Statutes § 52-226a provides in relevant part: "In any civil action tried . . . to the court, not more than fourteen days after judgment has been rendered, the prevailing party may file a written motion requesting the court to make a special finding to be incorporated in the judgment or made a part of the record, as the case may be, that the action or a defense to the action was without merit and not brought or asserted in good faith. Any such finding by the court shall be admissible in any subsequent action brought pursuant to section 52-568."

[10] As we have indicated, the Hartmann defendants raised a counterclaim of conversion against Alpert Realty and also attempted to raise a counterclaim of conversion against the plaintiffs, which the trial court denied. See footnote 5 of this opinion. It is unclear to which counterclaim the trial court was referring, or whether it was referring to both.

[11] The Hartmann defendants appealed from the trial court rulings to the Appellate Court, and we transferred the appeal to this court pursuant to General Statutes § 51-199 (c) and Practice Book § 65-1.

their request for a jury trial; required the parties to try the case when the pleadings were not closed; refused to allow the Hartmann defendants to amend their pleadings to conform to the proof presented at trial; found that the plaintiffs held a security interest in the equipment; permitted the plaintiffs' witnesses to testify as to the value of the equipment; found that the plaintiffs had proved their claim of conversion; found that the Hartmann defendants had fraudulently conveyed the equipment; found that the Hartmann defendants had violated CUTPA; found that Hartmann, Sr., Hartmann, Jr., and Jason Hartmann were personally liable for the debts of the corporate defendants—Seawind, Jason Robert's Concrete and Jason Robert's; found that the Hartmann defendants had tortiously interfered with the plaintiffs' contractual relations with Wiseman and Seawind; and rendered a special finding against Jason Robert's Concrete, Hartmann, Sr., Hartmann, Jr., and Jason Hartmann pursuant to § 52-226a.[12]

After examining the record and the briefs and considering the arguments of the parties, we are persuaded that the judgment rendered in each case should be affirmed. The issues raised by the Hartmann defendants were resolved properly in the thoughtful and comprehensive memorandum of decision filed by the trial court. Because that memorandum of decision also fully addresses the arguments raised in the present appeal, we adopt the trial court's well reasoned decision as a statement of the facts and the applicable law on those issues. It would serve no useful purpose for us to repeat

---

[12] The plaintiffs cross appealed from the judgment of the trial court in the first case, claiming that the trial court improperly had ruled that they could not call the Hartmann defendants' expert witness on the issue of the value of the restaurant equipment as a witness for the plaintiffs at trial. The plaintiffs have not explained, however, how they were prejudiced by the trial court's ruling. Accordingly, we decline to review this claim. See *Hartford/Windsor Healthcare Properties, LLC* v. *Hartford*, 298 Conn. 191, 194 n.4, 3 A.3d 56 (2010) (declining to review claim that was inadequately briefed).

that discussion here. See, e.g., *Socha* v. *Bordeau*, 289 Conn. 358, 362, 956 A.2d 1174 (2008); *Lord Family of Windsor, LLC* v. *Inland Wetlands & Watercourses Commission*, 288 Conn. 669, 673, 954 A.2d 133 (2008).

The judgments are affirmed.