******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

AMICA MUTUAL INSURANCE COMPANY
*v.* MICHELLE LEVINE
(AC 40999)

DiPentima, C. J., and Elgo and Sullivan, Js.

*Syllabus*

The plaintiff insurance company sought a declaratory judgment to determine
the rights of the parties related to a provision in an automobile insurance
policy it had issued to the defendant, which required the defendant to
undergo an independent medical examination at the plaintiff's request.
The plaintiff brought this action after the defendant refused to undergo
an independent medical examination following an automobile crash in
which she had been involved. The trial court granted the plaintiff's
motion for summary judgment and rendered judgment thereon, from
which the defendant appealed to this court. She claimed, inter alia, that
the trial court improperly concluded that the provision in the insurance
policy that required her to undergo an independent medical examination
was not void as against public policy, that the provision was reasonable
and that her refusal to attend the examination was unreasonable. *Held*
that the trial court properly granted the plaintiff's motion for summary
judgment and rendered judgment for the plaintiff; because the issues
that were raised by the defendant were resolved properly in the trial
court's careful and thorough memorandum of decision, this court
adopted the trial court's well reasoned memorandum of decision as a
statement of the facts and the applicable law on those issues.

Argued May 16—officially released September 10, 2019

*Procedural History*

Action for a declaratory judgment to determine the
rights of the parties under a provision in a certain insur-
ance policy issued by the plaintiff requiring the defen-
dant to undergo an independent medical examination,
and for other relief, brought to the Superior Court in
the judicial district of Hartford, where the court, *Sha-
piro, J.*, granted the plaintiff's motion for summary judg-
ment and rendered judgment thereon, from which the
defendant appealed to this court. *Affirmed.*

*Jennifer B. Levine*, with whom was *Harvey L.
Levine*, for the appellant (defendant).

*Philip T. Newbury, Jr.*, with whom, on the brief, was
*Ondi A. Smith*, for the appellee (plaintiff).

*Opinion*

PER CURIAM. This declaratory judgment action arises from an automobile crash that occurred in 2010 involving the defendant, Michelle Levine. The defendant appeals from the trial court's rendering of summary judgment in favor of the plaintiff, the Amica Mutual Insurance Company. On appeal, the defendant claims that the trial court erred when it concluded that (1) the provision in the plaintiff's automobile insurance policy requiring the defendant to undergo an independent medical examination (IME) at the plaintiff's request was not void as against public policy, (2) the provision requiring the defendant to undergo an IME was reasonable and the defendant's refusal to attend was unreasonable, (3) the defendant had breached the policy's cooperation clause for failing to attend the IME because that determination was predicated on an improper allocation of the burden of proof, and (4) there was no issue of material fact as to whether the plaintiff properly had reserved its rights to bring the present action. We disagree and, therefore, affirm the judgment of the trial court.

We have examined the record on appeal, including the briefs and arguments of the parties, and conclude that the judgment of the trial court should be affirmed. The issues raised by the plaintiff were resolved properly in a careful and thorough memorandum of decision written by the trial court. Because the trial court's memorandum of decision fully addresses the arguments raised in the present appeal,[1] we adopt the trial court's well reasoned decision as a statement of the facts and the applicable law on those issues. See *Amica Mutual Ins. Co.* v. *Levine*, judicial district of Hartford, Docket No. CV-16-6064569-S (July 31, 2017) (reprinted at 192 Conn. App. 623,      A.3d    ). It would serve no useful purpose for us to repeat those facts or the discussion here. See, e.g., *Tzovolos* v. *Wiseman*, 300 Conn. 247, 253–54, 12 A.3d 563 (2011).

The judgment is affirmed.

[1] In addition to the claims she raised before the trial court in her opposition to the plaintiff's motion for summary judgment, the defendant, on appeal, also argues that the trial court failed to consider as a necessary factor whether the plaintiff acted with "reasonable diligence" in securing her cooperation when it determined that she breached her insurance policy's cooperation clause. We decline to address this claim, given that it was not properly or distinctly raised in the defendant's answer, special defenses or opposition to the motion for summary judgment. See *DiMiceli* v. *Cheshire*, 162 Conn. App. 216, 229–30, 131 A.3d 771 (2016) ("Our appellate courts, as a general practice, will not review claims made for the first time on appeal. We repeatedly have held that [a] party cannot present a case to the trial court on one theory and then seek appellate relief on a different one." [Internal quotation marks omitted.]). Moreover, to the extent that the claim was raised for the first time in the defendant's motion to reargue and reconsider, for which the court wrote a supplemental memorandum of decision, the defendant has not taken an appeal from that ruling. "[A]ppellate courts are not required to review issues that have been improperly presented . . . ." (Internal quotation marks omitted.) *In re Jorden R.*, 293 Conn. 539, 555 n.14, 979 A.2d 469 (2009).