******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

# NORTHWEST HILLS CHRYSLER JEEP, LLC, ET AL.
## *v.* DEPARTMENT OF MOTOR VEHICLES ET AL.
### (AC 42899)

Lavine, Alvord and Cradle, Js.

*Syllabus*

The plaintiffs, four automobile dealerships, sought to preclude the defendant franchisor from establishing a certain new automobile dealership in the relevant market area of each plaintiff. The defendant Department of Motor Vehicles, after a hearing, found that good cause existed, pursuant to statute (§ 42-133dd (c)), to establish the proposed dealership. The plaintiffs appealed to the trial court, claiming, inter alia, that the department's decision was inconsistent and not supported by substantial evidence. The trial court dismissed the plaintiffs' appeal. On the plaintiffs' appeal to this court, *held* that the trial court properly dismissed the appeal and rendered judgment for the defendants; because the claims raised by the plaintiffs in this court essentially reiterated the claims they raised in the trial court, this court adopted the trial court's thorough and well reasoned memorandum of decision as a proper statement of the facts and applicable law on the issues.

Argued September 8—officially released October 27, 2020

*Procedural History*

Appeal from the decision of the named defendant finding that good cause existed to allow the defendant FCA US, LLC, to establish a certain automobile dealership, brought to the Superior Court in the judicial district of New Britain and tried to the court, *Huddleston, J.*; judgment dismissing the appeal, from which the plaintiffs appealed to this court. *Affirmed.*

*Jason T. Allen*, pro hac vice, with whom were *James J. Healy* and, on the brief, *Richard N. Sox*, pro hac vice, for the appellants (plaintiffs).

*Eileen Meskill*, assistant attorney general, with whom, on the brief, was *William Tong*, attorney general, for the appellees (named defendant et al.).

*George W. Mykulak*, pro hac vice, with whom were *Charles D. Ray* and, on the brief, *Shawn S. Smith*, for the appellee (defendant FCA US, LLC).

*Opinion*

PER CURIAM. In this administrative appeal, the plaintiffs, Northwest Hills Chrysler Jeep, LLC, Gengras Chrysler Dodge Jeep, LLC, Crowley Chrysler Plymouth, Inc., doing business as Crowley Chrysler Jeep Dodge Ram, and Papa's Dodge, Inc., challenge the judgment of the trial court dismissing their appeal. The plaintiffs had appealed from the decision of a hearing officer for the defendants Commissioner of Motor Vehicles and the Department of Motor Vehicles (collectively, department), which found that good cause existed to allow the defendant FCA US, LLC (FCA), to establish a new Jeep dealership at the defendant Mitchell Dodge, Inc. (Mitchell), in Canton. We affirm the judgment of the trial court.

The record reveals that the four plaintiffs operate Chrysler, Dodge, Jeep and Ram dealerships in Connecticut, where they engage in the sale of new motor vehicles and hold valid franchises from FCA for such activities. Mitchell operates a Chrysler, Dodge and Ram dealership. FCA manufactures, assembles, imports and/or distributes new motor vehicles to each of the plaintiffs and to Mitchell.

In May, 2016, FCA provided notice to the department and to the plaintiffs, pursuant to General Statutes § 42-133dd (a),[1] that it intended to establish a new Jeep dealership at Mitchell, which would be located within the relevant market area[2] of each plaintiff. The plaintiffs timely protested FCA's proposal to establish the new Jeep dealership, and a hearing was held by the department to determine whether good cause existed to establish the proposed dealership pursuant to § 42-133dd (c).[3] Following an evidentiary hearing and the submission of posthearing briefs, the department issued its decision, dated January 19, 2018, concluding that, "[b]ased upon the evidence presented, and taking into consideration [the] criteria set forth in . . . § 42-133dd, good cause exists for permitting the establishment of a new Jeep dealer . . . in Canton . . . ."

The plaintiffs appealed from the department's decision to the trial court, alleging that the department (1) failed to comply with its statutory mandate to consider the existing circumstances of two of the dealers, (2) made findings that are not supported by substantial evidence with respect to three statutory factors, and (3) made irreconcilable findings with respect to two of the statutory factors. The court rejected the plaintiffs' arguments, concluding that the department's decision "is neither incomplete nor inconsistent and is supported by substantial evidence," and, accordingly, dismissed the plaintiffs' appeal.

The plaintiffs now challenge the trial court's dismissal of their appeal from the department's decision, essentially reiterating the claims that they raised during trial.

We carefully have examined the record of the proceedings before the trial court, in addition to the parties' appellate briefs and oral arguments. Applying the well established principles that govern our review of a court's decision to dismiss an administrative appeal; see, e.g., *Meriden* v. *Freedom of Information Commission*, 191 Conn. App. 648, 654, 216 A.3d 847, cert. granted on other grounds, 333 Conn. 926, 217 A.3d 994 (2019); we conclude that the judgment of the trial court should be affirmed. We adopt the court's thorough and well reasoned decision as a proper statement of the facts and the applicable law on the issues. See *Northwest Hills Chrysler Jeep, LLC* v. *Dept. of Motor Vehicles*, Superior Court, judicial district of New Britain, Docket No. CV-18-6042924-S (April 15, 2019) (reprinted at 201 Conn. App. 132,     A.3d     ). It would serve no useful purpose for us to repeat the discussion contained therein. See, e.g., *Tzovolos* v. *Wiseman*, 300 Conn. 247, 253–54, 12 A.3d 563 (2011); *Freeman* v. *A Better Way Wholesale Autos, Inc.*, 191 Conn. App. 110, 112, 213 A.3d 542 (2019).

The judgment is affirmed.

---

[1] General Statutes § 42-133dd (a) provides in relevant part: "In the event that a manufacturer or distributor seeks to enter into a franchise establishing a new dealer or relocating an existing dealer within or into a relevant market area where the same line make is then represented, the manufacturer or distributor shall in writing, by certified mail, first notify the commissioner and each dealer in such line make in the relevant market area of its intention to establish a new dealer or to relocate an existing dealer within or into that market area. . . ."

[2] General Statutes § 42-133r (14) defines " '[r]elevant market area' " as "the area within a radius of fourteen miles around an existing dealer or the area of responsibility defined in a franchise, whichever is greater."

[3] General Statutes § 42-133dd (c) provides: "In determining whether good cause has been established for not entering into a franchise establishing a new dealer or relocating an existing dealer for the same line make, the commissioner shall take into consideration the existing circumstances, including, but not limited to: (1) The permanency and size of investment made and the reasonable obligations incurred by the existing new motor vehicle dealers in the relevant market area; (2) growth or decline in population and new car registrations in the relevant market area; (3) effect on the consuming public in the relevant market area; (4) whether it is injurious or beneficial to the public welfare for a new dealer to be established; (5) whether the dealers of the same line make in that relevant market area are providing adequate competition and convenient customer care for the motor vehicles of the line make in the market area including the adequacy of motor vehicle sales and service facilities, equipment, supply of motor vehicle parts, and qualified service personnel; (6) whether the establishment of a new dealer would increase or decrease competition; (7) the effect on the relocating dealer of a denial of its relocation into the relevant market area; (8) whether the establishment or relocation of the proposed dealership appears to be warranted and justified based on economic and marketing conditions pertinent to dealers competing in the community or territory, including anticipated future changes; (9) the reasonably expected market penetration of the line-maker motor vehicle for the community or territory involved, after consideration of all factors which may affect said penetration, including, but not limited to, demographic factors such as age, income, education, size class preference, product popularity, retail lease transactions, or other factors affecting sales to consumers of the community or territory; (10) the economic impact of an additional franchise or relocated motor vehicle dealership upon the existing motor vehicle dealers of the same line make in the relevant market area to be served by the additional franchisee or relocated motor vehicle dealership; and (11) the retail sales and service

business transacted by the existing dealers of the same line make in the market area to be served by the proposed new or relocated dealer as compared to the business available to them during the three-year period immediately preceding notice."