******************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.
******************************************

STATE OF CONNECTICUT *v.* PETER SEBBEN
(AC 42763)

Alvord, Cradle and Alexander, Js.

*Syllabus*

The plaintiff, the state of Connecticut, sought reimbursement from the defendant, pursuant to statute (§18-85a) and the applicable regulation (§ 18-85a-2), for the cost of his incarceration after he had served a sentence for his conviction of certain crimes. The trial court granted the state's application for a prejudgment remedy to attach certain of the defendant's assets and thereafter granted the state's motion for summary judgment. The court rejected the defendant's claims that, inter alia, the assessed cost of his incarceration was based on an unreliable calculation and that his right to equal protection was violated because the state had not sought reimbursement for incarceration costs from other inmates. The trial court thereafter rendered judgment for the state, and the defendant appealed to this court, raising many of the same arguments that he raised in the trial court. *Held* that, after applying the well established principles that govern the review of a trial court's decision to grant a motion for summary judgment, this court affirmed the judgment of the trial court and adopted its well reasoned decision as a proper statement of the facts and the applicable law on the issues.

Argued October 20—officially released November 17, 2020

*Procedural History*

Action for reimbursement of the alleged costs of the defendant's incarceration, and for other relief, brought to the Superior Court in the judicial district of Hartford, where the court, *Wiese, J.*, granted the plaintiff's application for a prejudgment remedy; thereafter, the court, *Noble, J.*, granted in part and denied in part the plaintiff's motion for summary judgment and rendered judgment thereon; subsequently, the court, *Noble, J.*, denied the defendant's motion for reargument, and the defendant appealed to this court. *Affirmed.*

*Peter Sebben*, self-represented, the appellant (defendant).

*Joan M. Andrews*, assistant attorney general, with whom, on the brief, were *William Tong*, attorney general, *Sean Kehoe*, assistant attorney general, and *Judith A. Brown*, former assistant attorney general, for the appellee (plaintiff).

*Opinion*

PER CURIAM. The plaintiff, the state of Connecticut, instituted this action pursuant to General Statutes § 18-85a[1] and § 18-85a-2 of the Regulations of Connecticut State Agencies,[2] to recover $22,330, the assessed cost for 154 days of incarceration, from the self-represented defendant, Peter Sebben. See generally *State* v. *Ham*, 253 Conn. 566, 566–67, 755 A.2d 176 (2000); *Alexander* v. *Commissioner of Administrative Services*, 86 Conn. App. 677, 678, 862 A.2d 851 (2004). The trial court rendered summary judgment in favor of the state. On appeal, the defendant claims that (1) the court improperly granted the state's motion for summary judgment because genuine issues of material fact existed regarding the assessed cost of his incarceration, (2) his right to equal protection was violated, (3) application of § 18-85a constituted an excessive fine in violation of the eighth amendment to the United States constitution, (4) the court improperly denied his motion to reargue and (5) the court improperly denied his request for an extension of time for additional discovery. We affirm the judgment of the trial court.

The following facts and procedural history are relevant to the resolution of this appeal. The defendant was convicted of violating General Statutes §§ 53a-58 and 53a-155. The court sentenced the defendant to six months of incarceration in the custody of the Commissioner of Correction, beginning on January 2, 2015. On April 23, 2015, the state filed an application for a prejudgment remedy to attach certain of the defendant's assets. On July 23, 2015, the court, *Wiese, J.*, granted the state's application in the amount of $22,330.

The state then filed a complaint to recover the costs of the defendant's incarceration. The state alleged that the defendant had been incarcerated from January 2 to June 2, 2015, at an assessed cost of $22,330. The defendant filed a motion to dismiss, which the court, *Hon. Constance L. Epstein*, judge trial referee, denied on July 5, 2016, and a motion to strike, which the court, *Robaina, J.*, denied on August 18, 2017. Thereafter, the defendant filed an answer in which he raised various special defenses. Following the state's motion to strike, the court, *Robaina, J.*, struck the majority of the defendant's special defenses.

On June 29, 2018, the state moved for summary judgment. On August 14, 2018, the defendant filed his opposition. On November 19, 2018, the court, *Noble, J.*, heard oral argument on the motion for summary judgment.

On March 15, 2019, the court issued its memorandum of decision on the summary judgment motion. At the outset of its analysis, the court noted that the law of the case doctrine applied and that Judge Robaina previously had addressed some of the arguments presented in the defendant's opposition to summary judgment.

The court concluded that the state had met its burden of establishing entitlement to judgment as a matter of law. The court then considered and rejected the defendant's arguments that (1) he was entitled to additional discovery, (2) the assessed cost of incarceration claimed by the state was based on an unreliable calculation, and (3) he unfairly was targeted by the state, which had not sought reimbursement for incarceration costs from other inmates, thereby evidencing an equal protection violation.

On April 3, 2019, the defendant filed a motion for reargument and/or reconsideration of the granting of the state's motion for summary judgment. On May 9, 2019, the court denied the defendant's motion, noting that it was not "well-founded."

On appeal, the defendant challenges the trial court's rendering of summary judgment in favor of the state and the denial of his motion to reargue. He essentially iterates arguments that he raised in the trial court.[3]

We carefully have examined the record of the proceedings before the trial court, in addition to the parties' appellate briefs and oral arguments. Applying the well established principles that govern our review of a court's decision to grant a motion for summary judgment; see, e.g., *Capasso* v. *Christmann*, 163 Conn. App. 248, 257–60, 135 A.3d 733 (2016); we conclude that the judgment of the trial court should be affirmed. We adopt the trial court's thorough and well reasoned decision as a proper statement of the facts and the applicable law on the issues. See *State* v. *Sebben*, Superior Court, judicial district of Hartford, Docket No. CV-15-5039364-S (March 15, 2019) (reprinted at 201 Conn. App.    ,    A.3d    ). It would serve no useful purpose for us to repeat the discussion contained therein. See, e.g., *Tzovolos* v. *Wiseman*, 300 Conn. 247, 253–54, 12 A.3d 563 (2011); *Maselli* v. *Regional School District No. 10*, 198 Conn. 643, 648, 235 A.3d 599, cert. denied, 335 Conn. 947,    A.3d    (2020); *Freeman* v. *A Better Way Wholesale Autos, Inc.*, 191 Conn. App. 110, 112, 213 A.3d 542 (2019).

The judgment is affirmed.

[1] General Statutes § 18-85a (b) provides in relevant part: "The state shall have a claim against each inmate for the costs of such inmate's incarceration under this section, and regulations adopted in accordance with this section, for which the state has not been reimbursed. . . . In addition to other remedies available at law, the Attorney General, on request of the Commissioner of Correction, may bring an action in the superior court for the judicial district of Hartford to enforce such claim . . . ."

[2] Section 18-85a-2 of the Regulations of Connecticut State Agencies provides: "On or after October 1, 1997, inmates shall be charged for and shall be responsible to pay the assessed cost of incarceration, as defined in 18-85a-1 (a)."

[3] The defendant also claims that the total amount charged by the state in this case violated the eighth amendment, which prohibits excessive fines. See *Timbs* v. *Indiana*,    U.S.    , 139 S. Ct. 682, 686–87, 203 L. Ed. 2d 11 (2019) (eighth amendment's excessive fines clause is incorporated by due process clause of fourteenth amendment and applicable to states). The defendant's opposition to the state's motion for summary judgment indirectly

referenced the excessive fines clause of the eighth amendment. The defendant, however, failed to explain or analyze how the cost calculated for his incarceration constituted an excessive fine or violated the eighth amendment. We further note that the defendant did not raise this issue in his motion for reargument or reconsideration.

The trial court did not expressly address the eighth amendment claim that the defendant now attempts to raise on appeal. We conclude, after a close examination of the filings before the court, that the defendant has raised his eighth amendment claim of an excessive fine for the first time on appeal. He did not address his failure to raise this claim properly before the trial court in his principal brief, nor has he requested review pursuant to *State* v. *Golding*, 213 Conn. 233, 239–40, 567 A.2d 823 (1989), as modified by *In re Yasiel R.*, 317 Conn. 773, 781, 120 A.3d 1188 (2015). We therefore decline to consider his eighth amendment claim.

———————————————————